Cooper et al. vs. Jones et al.

MARK A. COOPER, et al. executors, plaintiffs in error, vs. JOHN A. JONES and others, defendants in error.

[1.] It is too late to move to dismiss a bill in equity, several Terms after it was filed, on the ground that a sum of money admitted to be due by complainants, has not been deposited in Court. The Court below ought to be moved, to compel them to bring it in.

[2.] When a bill of interpleader is filed by trustees to obtain the directions of a Court of Chancery, and a proper case is made, it is too late for defendants after long acquiescence, to move to dismiss it, on the ground that it was filed too late.

[3.] When a matter is brought up in which the Court below has a discretion, unless it appears in the record, that that discretion has been used oppressively and illegally, this Court will not interfere. Every discretion of the Court is a legal and not an arbitrary discretion.

[4.] Every counsel engaged in a cause ought to be prepared to conduct it, and the absence of counsel for any cause, when there is more counsel than one, ought to be seldom allowed as a ground of continuance.

[5.] Complainants in a bill of interpleader may appeal, if their individual rights are affected by the decree; and that one of the parties called on by said bill to litigate their rights does not appeal, does not impair or destroy the right of appeal of the complainants in the bill of interpleader.

In equity, from Muscogee county. Decided by Judge WORRILL, November Term, 1857.

A motion was made in the Court below by Simeon Smith and others, some of the defendants, to have the bill dismissed on the following grounds:

1st. Because the said complainants did not and have not deposited in Court the amount of money admitted to be due and owing said defendants.

2d. Because complainants did not file their said bill until said defendants had proceeded with their cause to the appeal, and for an unreasonable time thereafter.

3d. Because there is no equity in said complainant's bill.

The Court overruled the motion on the first two grounds, but refused to entertain the third ground because the case was not on the final hearing. To these decisions of the Court the above named defendants, who made the motion, excepted.

When the case was called for hearing on a subsequent day in the same Term, a motion was made to the Court by the Jones' for a continuance, on the ground that Col. Seaborn Jones their leading counsel in the case, was

unable from sickness to attend.  It was proved on cross examination, that the case had been continued at the last Term, by the Jones' on the ground that certain interrogatories had been lost by Mr. R. J. Moses, who was then of counsel, for the Jones'; that one of those defendants knew of the sickness of Col. Jones, in time to have procured other counsel, and had in fact attempted to retain other counsel, and that there were two other counsel engaged in the case for them.

The Court continued the cause, and the counsel for the Smiths filed their bill of exceptions, assigning as error the several above stated decisions of the Court.

Judge Benning, having been formerly of counsel in this case, did not preside.

James Johnson, for plaintiffs in error.

B. Hill, for defendants in error.

*By the Court.*—McDonald, J. delivering the opinion.

[1.] Several Terms of the Court have passed since the filing of the bill of interpleader in this case, and it is now too late to move to dismiss the bill, on the ground that the amount of money shown to be due and owing the defendants has not been paid into Court by the complainants.  If the defendants claim to be entitled to have it paid in, they should move the Court below to that effect and have the right decided.

[2.] The bill of interpleader is filed by trustees, asking the direction of the Court, for their own protection.  The bill shows a complicated state of things, and one in which a Court of Chancery may well be appealed to for instructions and after so long acquiescence, in the right of complainants; so to proceed, it is too late for defendants to dispose of the

case by a summary motion of this sort, even if the motion was in its order before the Court.

We therefore decide that there is no error in the refusal of the Court below to dismiss the bill on the said two grounds in the motion.

[3.] The Court refused to entertain the motion of defendant's counsel to dismiss said bill for want of equity. He put his refusal to hear the motion on the ground, that the bill was not up for a hearing. It was no error in the presiding Judge to refuse to entertain the motion, for the reason assigned by him, for he had the discretion to hear it or not. But we do not hesitate to say, that if the motion was before him, in its regular order, on the motion docket, he ought to have heard it, unless in his judgment it would have interfered with his usual course of business in Court to have done so. There is nothing in the record, however, to show to us that the discretion of the Court below was used oppressively and illegally, and without that we will not control him. Every discretion of the Court is a legal and not an arbitrary discretion.

[4.] When the cause was, at a subsequent time, called, in its order, for trial, a motion was made by the defendants Jones, for its continuance, on the ground, that their leading counsel was sick, and had been for some three weeks. There were other counsel in the cause, but it does not appear how long they had been employed. The record exhibits a case presenting many issues, involving intricate and difficult facts and principles, which would require of the ablest counsel much labor and investigation, to prepare for an argument of the cause. Under these circumstances, we will not interfere with the judgment of the Court. But we will remark that every counsel employed in a cause, ought to be prepared to conduct it, in the absence of his associates, and that the absence of counsel, where there is more than one attorney employed in the case, although he may be the leading counsel, ought to be seldom allowed as a ground of continuance. A

continuance of a cause might result in the irreparable injury to the adverse party whose witnesses might die, by whose evidence alone he might have it in his power to establish his rights.

I doubt exceedingly if either point brought up in this record, could legally have been presented to this Court for revision, under the law of its organization.

- A motion was also made in this cause by Simeon Smith, and the Wrights to dissolve the injunction in said cause, on the grounds:

1st. That Simeon Smith and the Wrights did not appeal from the verdict and decree in this cause, and that the litigation is ended as to them.

2d. Because the complainants have failed and neglected to prosecute their cause with due diligence.

3d. Because the cause was continued at this term of the Court by the complainants.

B. Hill, Esq., stated in response to the motion to dissolve the injunction that previous to the May Term of the Court, he had filed an amendment to the bill of complainant, which was received; that said amendment was lost, and that twenty days before that term of the Court, he had re-filed the said amendment and served the same on the defendants, and that said amendment had not been answered. The Wrights and Smith objected to the making of this statement, and on its being allowed by the Court to be made, they excepted.

[5.] The bill of interpleader was filed by the complainants thereto as trustees, that the parties might be compelled to litigate their rights together touching the matters in contest, for their security, and believing that the decree affected their interest personally, they appealed, and they are entitled to a continuance of the injunction, if upon a view of the whole case, the principles of equity and the rights of the complainants require it. This is a matter so much in the discretion of the chancellor, who has the whole subject be-

fore him, that we will not control him. The failure of one of the parties called on to litigate, to appeal, cannot impair or destroy the rights of the complainants to the bill of interpleader, to have a re-hearing on appeal.

On none of the other grounds will we attempt to control the discretion of the presiding chancellor in the Court below.

Judgment affirmed.