## WHITLEY *v.* CLEGG.

There was no error in overruling the motion for a continuance nor in the rejection of testimony. There being no conflict in the evidence, the direction of a verdict was proper.

Argued June 22, — Decided August 12, 1904.

Complaint. Before Judge Littlejohn. Sumter superior court. December 24, 1903.

*C. R. Winchester* and *Allen Fort & Son,* for plaintiff in error. *Shipp & Sheppard,* contra.

Evans, J. Mrs. S. E. Clegg brought suit against C. R. Whitley to recover the sum of forty-five hundred and fifty dollars and forty cents, and interest, alleging that she sold to defendant one hundred and eighty-five shares of the capital stock of the Whitley Grocery Company, and as a part consideration the defendant agreed to pay off and discharge a certain promissory note which P. C. Clegg Sr. and the defendant had executed to L. N. Hudson & Brother, upon which was due at the time of filing the suit $4,550, and which note was then past due. She alleged she had delivered to the defendant the stock certificate, and that the defendant had not paid the Hudson note, and prayed judgment for the amount due thereon. The defendant filed a plea of set-off, and also set up the defense that he was surety on the Hudson note, and that he was not liable in this action until plaintiff had protected him from that note. Evidence was submitted by the

plaintiff in support of her petition, and she also introduced an agreement between herself and the defendant, whereby he covenanted to withdraw all defenses and consented to a judgment for the amount due on the Hudson note unless before judgment he had paid the same.    The evidence offered by the defendant and admitted by the court was not in conflict with the plaintiff's evidence. ·   It appeared that $1,500 had been paid by the defendant on the Hudson note.    The court directed a verdict for the balance due; and defendant moved for a new trial, on the grounds, that the verdict was contrary to law and the evidence; that the court erred in overruling his motion for a continuance, and in excluding certain evidence.    The court overruled the motion for a new trial and the defendant excepted to this judgment.    Plaintiff in error assigns error on the refusal of the court to continue the case because of the absence of Mr. Winchester, one of his counsel.    On the motion to continue, defendant testified, that Judge Allen Fort was originally leading counsel; that the case had been continued because of Judge Fort's illness; and that at the last term of the court, fearing that Judge Fort would not be able to take the active management of the case, because of his physical condition, defendant employed Mr. C. R. Winchester to be his leading counsel until Judge Fort had sufficiently recovered his strength to go actively into the trial of the case; and that Mr. Winchester was sick.    Judge Fort testified, that he was originally leading counsel and the case had been theretofore continued on account of his illness; that he found it was not likely he could actively go on with the case; that he had regarded Mr. Winchester as leading counsel, and did not then consider himself as leading counsel; that from the advice of his physician he was afraid to undertake the trial of the case, but did not ask that the case be continued on his account.    In his note to this ground of the motion for a new trial, the judge stated, that the case had been continued at the May and November, 1902, terms of the court on account of the illness of Judge Fort, leading counsel; that just prior to the May, 1903, term, Judge Fort again requested that the case be continued on account of his illness; and when the case was called at the May, 1903, term, Mr. C. R. Winchester was present and insisted that Judge Fort was leading counsel and that he was wholly unprepared for the trial of the

case without Judge Fort's presence, as he (Mr. Winchester) had never been other than assistant counsel; and that upon this showing the case was passed. In his note the judge further stated that Mr. Allen Fort Jr. was present and conducted the case, both upon the motion for a continuance and the trial, assisted by his father, Judge Fort.

The code declares that "the leading counsel is he who at the time of the trial, or raising of any issue connected with the cause, is, in the judgment of the court, the counsel upon whom the client relies more than any other." "If there is more than one upon whom the client relies, the court shall, as between them, give him preference who was first employed." Civil Code, §§ 4425, 4426. If the leading counsel is absent from providential cause, the case will be continued, provided the party will swear that he can not go safely to trial without the services of such absent counsel, and that he expects his services at the next term, and that the application for continuance is not made for delay only. Civil Code, § 5132. The showing made for a continuance failed to comply with the statutory requirements, and the court did not err in overruling the motion to continue the case. Pending the suit an agreement was reached between the parties, relative to the withdrawal of the defendant's pleas. This agreement was reduced to writing, and is as follows: "Georgia, Sumter County. Received of Mrs. P. C. Clegg Sr. Five hundred dollars in full settlement of all claims and demands that I, as an individual, or that the Whitley Grocery Company have or claim against Perry C. Clegg Jr., Mrs. P. C. Clegg Sr., and estate of P. C. Clegg Sr., and Sam C. Clegg; and it is understood and agreed that this is a full and final settlement of all matters between these parties as to set-off or claim or defense that C. R. Whitley has set up in the case of Mrs. Perry C. Clegg Sr. vs. C. R. Whitley, complaint in superior court of said County of Sumter. It is understood that said case is to stand on the docket of said court and this receipt as in settlement is in no way to affect the plaintiff's cause of action unless the said C. R. Whitley shall fully and completely pay off and satisfy said note payable to L. N. Hudson and Bro. and signed by P. C. Clegg, agent, and C. R. Whitley, and upon which note W. B. Hudson, surviving partner of L. N. Hudson and Brother, has brought suit in Sumter

superior court and is now pending. And it is understood that if the said Whitley shall fail to pay said note in full, the said Mrs. P. C. Clegg Sr. is to prosecute the case of hers vs. C. R. Whitley as if this agreement had not been entered into, except the defenses now filed is completely settled and withdrawn by C. R. Whitley. This May 27th, 1903. [Signed] Whitley Grocery Company, by C. R. Whitley, Sec. and Treas. C. R. Whitley." The plaintiff introduced evidence to prove the allegations of her petition, and also this agreement. The defendant offered to prove that there was a mistake in the agreement about striking the plea; that the striking of the plea was only to relate to the plea of set-off and was not to apply to the other plea. The court repelled this testimony, and the defendant excepted to its exclusion. The contract specifically declared that it was a "full and complete settlement of all matters between these parties as to set-off or claim or defense that C. R. Whitley has set up in the case of Mrs. Perry C. Clegg Sr. vs. C. R. Whitley, complaint in superior court of said County of Sumter." There was no suggestion that plaintiff had said or done anything to mislead the defendant or was in any wise responsible for the mistake. The defendant had received five hundred dollars as a consideration for his undertaking to withdraw his defenses. He does not offer to refund this sum, and the scope of his testimony is to restrict the application of the money as a consideration for the withdrawal of only one defense. This he can not do. Parties who deliberately make contracts are bound thereby, unless some legal or equitable reason is shown why the contract should not be enforced. None was shown in the present case, and the court did not err in giving direction to the case pursuant to the contract. If the defendant is bound by this contract, then any evidence tending to support any other plea is irrelevant, and was properly excluded by the court.

*Judgment affirmed. All the Justices concur.*