## DENNARD et al. v. FARMERS AND MERCHANTS BANK OF COOLIDGE.

Under the facts and circumstances of this case it was error to overrule the motion for continuance. The subsequent judgment finding the defendants guilty of contempt and fixing their punishment must therefore be reversed.

No. 2253. APRIL 15, 1921.

Attachment for contempt. Before Judge Thomas. Thomas superior court. August 25, 1920.

The Farmers and Merchants Bank of Coolidge filed a petition for injunction, receiver, etc., against C. S. Dennard, L. V. Dennard et al.; and to an interlocutory order appointing a receiver and granting the injunction and other relief, as prayed in the petition, the defendants excepted. This court reversed that judgment, upon the ground that the granting of the interlocutory injunction against certain of the defendants, and the granting of the injunction against any of the defendants generally, was unauthorized, and upon the further ground that the relief granted was inconsistent. See *Dennard* v. *Farmers and Merchants Bank of Coolidge*, 149 *Ga.* 591 (101 S. E. 672). Following the appointment of the temporary receiver and before the reversal of the judgment appointing such receiver by this court, the Farmers and Merchants Bank brought an attachment against the defendants for contempt in failing to turn over to the receiver a sum of money, or fund, specified in the petition and referred to in the judgment appointing the receiver. After hearing, the chancellor adjudged the defendants in contempt, and they excepted. The judgment was affirmed by this court. *Dennard* v. *Farmers and Merchants Bank*, 149 *Ga.* 837 (102 S. E. 356). Upon a subsequent hearing of the main case for injunction, receiver, etc., on April 23, 1920, the court passed an order appointing (as the plaintiff contends) a temporary receiver as prayed, and ordered the defendants, C. S. and L. V. Dennard, to turn over to him the specific sum of money in controversy, but provided that the defendants might make a good and solvent bond conditioned to abide by the final judgment and decree of the court respecting the sum in controversy. To this order no exception was taken. On July 9, 1920, the Farmers and Merchants Bank presented to the judge of the superior court its petition praying that the defendants, C. S. and L. V. Dennard, be adjudged in contempt of court, it being alleged that

they were so in contempt because they had neither delivered the sum of money in controversy to the receiver, as directed, nor executed and filed the bond for the production of said sum, as provided in the order of April 23, 1920. A rule nisi was granted upon this petition, on July 9, 1920, requiring the defendants to show cause on July 17, 1920, why they should not be adjudged guilty of contempt. On July 17, 1920, the defendants appeared in person and made answer to the rule, denying the contempt alleged, upon the grounds that (1) no demand had been made by the receiver upon them or either of them, or upon any one acting for them, for the sum in controversy; (2) they had no notice or knowledge of the order of April 23, 1920, until the service of the rule nisi upon them on July 9, 1920; (3) no receiver was appointed by the order of April 23, 1920, and said order is invalid as a judgment appointing the receiver, for that by said order the court merely recognized the previous appointment of the receiver, although the judgment appointing such receiver had been reversed by the Supreme Court, and said order properly construed merely restrained and enjoined the defendants as prayed in the original petition; and (4) they were unable to comply with the order. Upon the call of the case for trial the defendants announced that they were not ready to proceed with said hearing, on account of the absence of their leading counsel, Mr. Theo Titus, who was providentially hindered from attending said hearing. In support of said motion C. S. and L. V. Dennard then and there presented their affidavits to the judge, together with the affidavits of the physician attending Mr. Titus, and of his law partner, Mr. Dekle. The court announced that he would take the motion for continuance or postponement under advisement, and that he would proceed with the hearing. Evidence in support of the petition and of the answer to the rule was introduced, and the court took the matter, including the request for postponement or continuance, under advisement, and on August 25, 1920, passed an order adjudging the defendants guilty of contempt. The defendants excepted to this judgment.

*Titus & Dekle,* for plaintiffs in error. *C. E. Hay,* contra.

GEORGE, J. (After stating the foregoing facts.) In the view we take of this case, a continuance or postponement of the hearing of the contempt case should have been granted. The motion for continuance or postponement was technically complete. So far as

the merits of it are concerned, it appears without dispute that upon the filing of the original petition for injunction the defendants immediately employed Mr. Theo Titus, of the firm of Titus & Dekle, to represent them in all the proceedings that had been brought or that might be brought against them by the plaintiff bank. The contract was with Mr. Titus, and the defendants relied upon him to represent them in the litigation. Mr. Titus had in fact exclusive charge and control of the defense in the original case, and represented them in said case before the Supreme Court. He likewise had exclusive charge and control of the defense in the former proceeding for contempt brought by the plaintiff bank against the defendants, and represented the defendants in that matter before the Supreme Court. All matters pertinent to the claims and contentions of the defendants were and are peculiarly in the knowledge of Mr. Titus. Mr. Dekle had general knowledge of the litigation, but not of the particular facts and circumstances of the case or of the defense urged by the defendants. Mr. Titus was employed long before his present illness; and while he had not been well since February, 1920, he did not leave his home until a day or two before the filing of the petition for contempt. His physician testified that Mr. Titus had gone to Highland, N. C., under his advice and direction, and that in his opinion he would be able to return and resume the practice of law on the 16th day of September, 1920. Mr. Titus was examined by his physician on the 16th day of June, and he was then advised that it would be necessary for him to take a rest of three months. He did not in fact leave Thomasville (his home) until July 7 or 8. He was expected to return and to be able to take up his practice of law on the 16th day of September, 1920, as stated above. To the motion for continuance or postponement a counter-showing was made. None of the material facts stated above were controverted. It appears merely that the answer in the original case and all pleadings filed by the defendants in the former proceeding for contempt were signed in the firm name; and that the present petition for contempt was in fact mailed to the judge on July 6, 1920, before it was known that Mr. Titus would leave for Highland, N. C., on July 8. It is also made to appear in the counter-showing that counsel for the plaintiff bank relied on the statement of Mr. Titus that the bond provided in the order of April 23, 1920, would be

given by the defendants. Section 5718 of the Civil Code of 1910 provides: "The illness or absence, from providential cause, of counsel where there is but one, or of the leading counsel where there are more than one, shall be a sufficient ground for continuance: Provided, the party making the application will swear that he can not go safely to trial without the services of such absent counsel, and that he expects his services at the next term, and that said application is not made for delay only." In *Thomas* v. *State,* 92 *Ga.* 1, 7 (18 S. E. 44), a majority of the judges were of the opinion that all motions for continuance, including such a motion based upon the ground of the absence of leading counsel for providential cause, were controlled by section 3531 (now section 5724) and were addressed to the sound legal discretion of the trial court. Mr. Justice Simmons, who delivered the opinion for the court, expressed the view that when a party makes a motion for continuance on account of the absence of his leading counsel and makes the proof required by the Code, the judge has no discretion in the matter. In *Cooper* v. *Jones,* 24 *Ga.* 473 (4), it was held: "Every counsel engaged in a cause ought to be prepared to conduct it, and the absence of counsel for any cause, when there is more counsel than one, ought to be seldom allowed as a ground of continuance." See also *Blackwell* v. *Jennings,* 128 *Ga.* 264 (57 S. E. 484). Nevertheless a party is entitled to the privilege and benefit of counsel of his own selection. This is an invaluable right. Without dispute it appears that Mr. Titus was the counsel selected by the defendants to make their defense in the main case as well as in all cases ancillary thereto. The firm, according to this proof, was employed solely because Mr. Titus was a member thereof, and the defendants relied on Mr. Titus, and he did in fact have exclusive charge and control of the litigation for the defendants. It is true that Mr. Dekle was a member of his firm. His legal ability is not questioned. He was not, however, directly employed by the defendants; and while the defendants would not have the right to continue the case indefinitely because of the absence of their leading counsel, we can not leave out of view the fact that this was a matter triable before the court, without the intervention of a jury, in term time or vacation. It appeared that Mr. Titus was expected to return and to resume his duties as counsel on September 16. While the case was actually heard on July 16,

it is to be noted that the court did not pass his order adjudging the defendants guilty of the contempt until August 25 — only twenty-two days before it was expected Mr. Titus would be able to appear for the defendants. While the facts of the case are not intricate, the questions of law involved are by no means without difficulty.. This fact is, however, not controlling. The defendants were entitled to the service of their leading counsel, under the circumstances of this case; and the court should have granted a postponement of the hearing until the return of defendant's leading counsel, or until it could be made to appear that such counsel would be unable to return and to resume the practice of his profession within a reasonable time. The judgment will therefore be reversed because of the refusal of the court to postpone the hearing of the contempt proceeding.

*Judgment reversed. All the Justices concur.*