## 28038.  LANCASTER v. RALSTON.

DECIDED MARCH 6, 1940.

*Stonewall H. Dyer,* for plaintiff in error.

*J. L. Smith, Frank L. Gearrald,* contra.

MACINTYRE, J.  The defendant in fi. fa. filed an affidavit of illegality of an execution.  It appears from the bill of exceptions that at the hearing on the affidavit, "the defendant in error [plaintiff in fi. fa.] announced ready, but the plaintiff in error [defendant in fi. fa.] inquired of the court if should [she] could have time to get other counsel due to the absence in court of her counsel and that continuance be granted to give plaintiff in error [defendant in fi. fa.] an opportunity to procure other counsel, no showing being made as to why her counsel was absent, that said request was refused, and a continuance denied by the court."  The court, on motion by counsel of plaintiff in fi. fa., then "entered up an order dismissing the affidavit of illegality for want of prosecution."  The defendant in fi. fa. excepted.

Where a party in a cause makes a motion for a continuance on the ground of the absence of his counsel, where there is but one, or of leading counsel, the movant must swear that he or she can not go safely to trial without the services of such absent counsel, that he expects his services at the next term of the court, and that the application for a continuance is not made for delay only. Code, § 81-1413; *Manion* v. *Varn,* 152 *Ga.* 654 (111 S. E. 30); *Wright* v. *State,* 18 *Ga.* 383; *Lamar* v. *McDaniel,* 78 *Ga.* 547 (3 S. E. 349); *Whitley* v. *Clegg,* 120 *Ga.* 1038 (48 S. E. 406).  The showing made for continuance failed to comply with the statutory requirements.  Indeed the record does not disclose that any showing under oath was made at all.  The court did not err in overruling the motion and in dismissing the affidavit of illegality for want of prosecution.

*Judgment affirmed.  Broyles, C. J., and Guerry, J., concur.*