### 30433. MOSLEY *et al. v.* BRIDGES.

DECIDED MAY 24, 1944.

*J. Roy Rowland, E. L. Rowland,* for plaintiffs in error.
*W. M. Shurling, R. M. Daley,* contra.

GARDNER, J. The only question to be decided is whether the trial court erred in overruling the motion for continuance because of the absence of leading counsel on account of illness. The Code, § 81-1413, covering the question provides: "The illness or absence, from providential cause, of counsel where there is but one, or of the leading counsel where there are more than one, shall be a sufficient ground for continuance: provided, the party making the application will swear that he cannot go safely to trial without the services of such absent counsel, and that he expects his services at the next term, and that said application is not made for delay only." The showing under this section is required to be strict. *James* v. *State,* 150 *Ga.* 76 (102 S. E. 425). The motion must affirmatively disclose all the essentials provided for in this section of the Code. *Progressive Life Insurance Co.* v. *Haygood, 53 Ga. App.* 231 (185 S. E. 534). The motion, to be in compliance with the provisions of the section, must be made by the party. One of the essential requirements is that the party must swear "that he can not go safely to trial without the services of such absent counsel, and that he expects his services at the next term, and that said application is not made for delay only." In the case at bar it does not appear that the defendant swore to the motion, as the

statute requires. It does appear that one of the counsel who filed ·the bill of exceptions and a brief here testified concerning the motion, but *not* the party. *Lancaster* v. *Ralston, 61 Ga. App.* 853 (7 S. E. 2d, 792). While we sympathize with counsel who was absent on account of illness, in view of the situation we are not authorized to hold that the trial court abused its discretion in denying the motion for continuance.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*