WASHINGTON, trustee, *et al. v.* QUATTLEBAUM.

WYATT, Justice. 1. Where, as in this case, an order dismissing a motion for new trial was rendered on November 7, 1951, and the bill of exceptions to this judgment presented to the trial court on December 24, 1951, the exception comes too late and can not be considered by this court. Code, § 6-902.

2. A motion to reinstate the case was filed after the time allowed for excepting to the judgment dismissing the motion for new trial. The motion had been dismissed because no brief of evidence had been filed, and because the rule nisi in the motion for new trial was directed to parties other than the defendant in error. The motion to reinstate attempted to explain and justify both these reasons upon which the order dismissing the motion for new trial was based. Conceding, but not deciding, that this procedure is permissible, the trial judge was amply justified, under the evidence attached to his judgment, in finding that the plaintiff in error brought about both of these conditions by his own negligence, and the discretion of the trial judge will not, under these circumstances, be disturbed. See *Cooper* v. *Jones,* 24 *Ga.* 473; *Buchanan* v. *Ford,* 29 *Ga.* 490; *Davisboro Fertilizer Co.* v. *Wyatt,* 25 *Ga. App.* 117 (102 S. E. 840). Moreover, the plaintiff in error fell into the same error here as he did in presenting the motion for new trial. The record in the instant case discloses that no brief of the evidence on the motion to reinstate was presented by the plaintiff in error. The trial judge attached to his judgment on the motion to reinstate a brief of the evidence, and that is the only manner in which the brief on this question reaches this court. This is an additional reason for not disturbing the judgment of the trial court.

3. Motion is made in this court for the first time to consolidate the instant case with a case previously disposed of by this court and reported in *Myrtle Lodge* v. *Quattlebaum,* 207 *Ga.* 575 (63 S. E. 2d, 365). There is simply no authority for any such action. It follows, the judgment of the trial court was not error.

*Judgment affirmed. All the Justices concur.*

No. 17797. ARGUED MARCH 10, 1952—DECIDED APRIL 16, 1952.

*Edward J. Goodwin* and *Lewis L. Scott,* for plaintiffs.
*Dennis Pierce,* for defendant.