## 57869. BLOODWORTH v. CALDWELL.

BIRDSONG, Judge.

The single issue in this case is whether the trial court erred in denying defendant-appellant a continuance of her case because of absence of her counsel. On February 1, 1978, plaintiff's attorney notified defendant's attorney that he intended to dispose of the case at the April Term of the Wilkinson Superior Court. The defendant's counsel failed to appear at the regular calendar call on March 24, 1978, at which time plaintiff's counsel announced "ready." The calendar was called again on April 3, 1978, at which time defendant's attorney requested a continuance due to his representation as co-counsel of

another client in the United States District Court, and his requirement to be present at a video tape deposition in Federal Court which would conflict with the trial of this case. Defendant's counsel was retained in the federal case after his employment in this one. The motion was denied. On April 5, 1978, the case came on for trial with both defendant and her attorney being present. The motion for continuance was renewed and denied. Defendant's attorney requested that his name be removed as counsel for defendant and he left the courtroom. After empanellment of a jury and an opening statement by the appellant, the appellant left the courtroom. The case was then tried and a directed verdict for plaintiff was granted and a judgment entered. *Held:*

1. The continuance or postponement of a case is a discretionary matter and will not be controlled unless manifestly abused. *Cotton States Life Ins. Co. v. Edwards,* 74 Ga. 220 (1). The continuance or postponement of a case because of the absence of counsel who is without leave engaged in the trial of a case in another court is not favored. *Kennedy v. Dukes,* 137 Ga. 209 (73 SE 400). Absence without leave of counsel to attend trials in other courts is no grounds for continuance or postponements. *Cotton States Life Ins. Co. v. Edwards,* supra.

Under the facts presented, we are unable to hold that the trial court abused its discretion in denying defendant continuance on this ground.

2. Lastly, in order to obtain the grant of a new trial because of absence of counsel, it must be shown that the party was without fault and that he had a good defense to the action. *Haralson County Econ. Dev. Corp. v. Hammock,* 233 Ga. 381 (211 SE2d 278). Defendant has failed to sustain this burden. The trial court did not abuse its discretion in denying a new trial on this ground. Code § 70-208.

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

SUBMITTED MAY 10, 1979 — DECIDED JUNE 22, 1979.

*Peugh & Bradley, James E. Peugh,* for appellant.

*Boone, Scott & Boone, Walter A. Scott,* for appellee.