## 61273. DAVIS v. BARNES.

McMurray, Presiding Judge.

This is a tort action brought by Ruby Davis and W. H. Davis against David Barnes on July 23, 1979, in the State Court of Gwinnett County. After discovery the case was set for trial on August 11, 1980, at 9:00 a.m. Counsel for both parties were notified of the trial date by publication of the trial calendar on July 1, 1980. Prior to the time set for trial plaintiffs' counsel did not attempt to notify either the court or defense counsel that he would be in another court nor did he move for a continuance on this ground.

Plaintiff W. H. Davis appeared at the time set for trial and advised the court that plaintiffs' counsel was in superior court and had advised him that the superior court case had priority over the state court case. Plaintiff Ruby Davis made no appearance for trial. However, plaintiff W. H. Davis did not make a motion for continuance. A considerable delay was granted to plaintiff W. H. Davis to contact counsel. Plaintiffs' counsel telephoned the court approximately one hour after the case was ready for trial and advised the court he did not know when he would be able to come to court for trial as he was present at a criminal arraignment day in the Superior Court of Walton County. At that time defendant and his counsel were present and ready for trial and had in attendance 13 witnesses, many of whom were from without the county. The trial court, in the absence of a motion for continuance, proceeded with the trial of the case.

Upon the trial of the case, the court proceeded to hear the testimony of plaintiff W. H. Davis, proceeding pro se. The court found that plaintiff W. H. Davis failed to produce any admissible evidence in support of his allegations and was unable to lay a foundation to obtain admission into evidence of certain photographs. The trial court concluded as a matter of law that plaintiff W. H. Davis had made no proof of any damages. On defendant's oral motion,

plaintiffs' complaint was dismissed with prejudice pursuant to Code Ann. § 81A-141 (b) (Ga. L. 1966, pp. 609, 653).

Plaintiffs' motion for new trial, based on the absence of their counsel, was denied. Plaintiffs now appeal, contending that the trial court misapplied the Georgia Constitution, Article I, Sec. I. Par. 9 (Code Ann. § 2-109), by proceeding with the trial of the case in the absence of plaintiffs' counsel. *Held:*

The constitutional provision set forth in Code Ann. § 2-109, supra, is "plainly subject to the inherent power of the court to prescribe the manner in which the business of the court shall be conducted and to preserve the order and decorum of the trial to the furtherance of justice . . .

"This discretion of the trial court in assuming the general superintendence and control of the litigation before it is a point of extreme delicacy with which we are reluctant to interfere, and interference will not be had unless there appears in the case something to demand imperatively the corrective interposition of this court." *Loomis v. State,* 78 Ga. App. 153, 163 (51 SE2d 13). No contention is made that Code § 81-1413 imposes a burden, impermissible under this constitutional provision.

The continuance or postponement of a case is a discretionary matter and will not be controlled unless manifestly abused. The absence of a plaintiff's counsel, without leave, to attend proceedings in other courts is no ground for continuance or postponement. *Bloodworth v. Caldwell,* 150 Ga. App. 443, 444 (1) (258 SE2d 64).

Although no continuance was requested in this case a delay or postponement at the beginning of trial was requested and to some extent granted by the trial court in allowing plaintiff W. H. Davis time to contact plaintiffs' counsel. We find no abuse of discretion in the trial court's refusal to grant a further postponement of the commencement of the trial. Furthermore, there was no compliance with the statutory requirements of Code § 81-1413. *Austin v. State,* 160 Ga. 509 (1a) (128 SE 791).

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED MARCH 20, 1981.

*Robert F. Coheleach,* for appellants.
*Lee Payne,* for appellee.