## 62448. TURNER v. NATIONAL BANK OF WALTON COUNTY.

SHULMAN, Presiding Judge.

Appellee brought this suit against appellant in her capacity as executrix of the estate of her deceased husband. The suit was on a note which appellee alleged had been signed by Mr. Turner as a maker. Appellant answered the suit, denying the validity of the note and raising the affirmative defense of fraud. Following the presentation of all the evidence, the trial court entered a directed verdict for appellee. We affirm.

1. In six enumerations of error, appellant seeks to attack the grant of a directed verdict to the bank. Our review of the record supports the trial court's ruling.

The evidence at trial showed that Mr. Turner, along with two others, executed the note for the purpose of borrowing money for a service station business. The evidence clearly established that Mr. Turner executed the note. Appellant's evidence failed to support her contention that her husband signed the note only as an accommodation maker and that he was fraudulently induced to sign the note by representations that the bank would never enforce the note against him. Her evidence showed only that her husband agreed to be a maker of the note in exchange for control of the business. A directed verdict for appellee was demanded by the evidence. *Adcock v. First Nat. Bank,* 144 Ga. App. 394 (2) (241 SE2d 289).

Appellant also contends that the judgment against her is improper because the bank alleged in its complaint that the instrument on which the suit was based was a "Consumer Collateral Installment Loan," but the evidence showed it was a commercial transaction. The record shows that the reference in the complaint to a "Consumer Collateral Installment Loan" was for the purpose of identifying the instrument and was accompanied by a number further identifying the instrument. The unchallenged evidence at trial was that the note was executed for a commercial purpose. The collateral identified on the face of the note, a copy of which was attached to the complaint, was clearly of a commercial nature, including inventory and equipment. Furthermore, the real basis of appellant's argument on this issue is her assertion that permitting the bank to recover on this note, with proof that it was a commercial

transaction, would leave her without the protection of the doctrine of res judicata if the bank subsequently sought to enforce the same note against her as a *consumer* note. Since the note itself was placed in evidence, appellant's fear in that regard is clearly without foundation and provides no basis for reversal of the judgment.

2. Appellant has enumerated as error the trial court's refusal to grant her motion for continuance. The motion was made and considered prior to trial and was renewed at trial. On each occasion, the trial court denied the motion. It appears from the record that the trial court was aware of the discretion available to it and exercised that discretion. Appellant has shown no abuse of that discretion and has, therefore, shown no error in the trial court's denial of appellant's motion for a continuance. Code Ann. § 81-1419; *Bloodworth v. Caldwell*, 150 Ga. App. 443 (1) (258 SE2d 64).

3. Appellant's other enumerations of error are not supported by argument or citation of authority and are, therefore, deemed abandoned. Rule 15 (c) (2), Rules of the Court of Appeals (Code Ann. § 24-3615 (c) (2)).

4. Appellee's motion for damages for a frivolous appeal is denied. Although appellant's enumerations of error are uniformly without merit, it does not appear that the appeal was taken solely for the purpose of delay. See Code Ann. § 6-1801.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED OCTOBER 26, 1981.

Rena B. Turner, *pro se.*
*William Lee Preston,* for appellee.