## 62390. K-MART CORPORATION v. KEY.

SOGNIER, Judge.

Key filed a complaint against K-Mart Corporation (K-Mart) on November 5, 1980 seeking damages for injuries she received when she fell in K-Mart's store in Newnan, Georgia. George Hart and Michael Frick were retained to represent K-Mart. On February 25, 1981, Hart and Frick were declared on trial in the U. S. District Court for the Northern District of Georgia on March 2, 1981, the day of calendar call in Coweta County. Therefore, Elaine Whitehurst, another attorney from the same firm as Hart and Frick, appeared personally at the calendar call in Coweta County and advised the trial judge at the call of the instant case that counsel for defendant were on trial in the U. S. District Court, and made an oral motion for a continuance. That motion was denied and jury selection and voir dire for the instant case took place the same day.

On the morning of March 3, 1981 while the Coweta County Superior Court was engaged in another matter, Hart and Frick filed a written motion for continuance pursuant to the provisions of Code Ann. § 81-1413. The motion was supported by affidavits from Hart, the lead attorney, and James Craig, manager of the K-Mart in Newnan. Hart's affidavit stated that he and Frick were then on trial in the U. S. District Court in Atlanta; that K-Mart could not safely go to trial without the services of Hart and Frick; and that neither Whitehurst nor any other attorney in the firm of Phillips, Hart and Mozley had the authority, nor had been given the authority, to appear on behalf of and defend K-Mart.

Craig's affidavit stated that he is the manager of the Newnan K-Mart and was served with the summons and complaint in this case; that Hart and Frick were retained to represent K-Mart, with Hart as lead counsel; that K-Mart could not safely go to trial without the services of Hart and/or Frick; that Hart would be available for trial on March 16, 1981; and that the application for continuance until that date was not made for delay only.

The motion for continuance was denied and the case was tried on March 3rd and 4th, 1981; the jury returned a verdict for Key in the

amount of $45,000. Hart and Frick were not present during the trial; the attorney who had filed the oral motion for continuance was present, but stated that she did not represent K-Mart. K-Mart appeals the denial of its motion for a new trial, contending that the trial court erred in denying its written motion for continuance.

Code Ann. § 81-1413 provides: "The illness or absence, from providential cause, of counsel where there is but one, or of the leading counsel where there are more than one, shall be a sufficient ground for continuance: Provided, the party making the application will swear that he cannot go safely to trial without the services of such absent counsel, and that he expects his services at the next term, and that said application is not made for delay only."

Although we understand the dilemma with which counsel is faced in a situation such as this, it is well settled that the absence of defendant's counsel, without leave, to attend proceedings in other courts is no ground for continuance or postponement. *Bloodworth v. Caldwell,* 150 Ga. App. 443, 444 (258 SE2d 64) (1979); *Davis v. Barnes,* 158 Ga. App. 89, 90 (279 SE2d 330) (1981); *Rutledge v. State,* 152 Ga. App. 755, 757 (264 SE2d 244) (1979).

In the instant case, both counsel for appellant were absent without leave of the court at calendar call on March 2, 1981. Although an *oral* motion for continuance was made by an attorney from Hart and Frick's law firm, there was no compliance with § 81-1413 when the case was called for trial. It was only on the following day, after voir dire was completed and a jury had been struck, that an effort was made to comply with § 81-1413; even at this point, counsel had no leave of court to be absent. Under such circumstances, we find no manifest abuse of discretion by the trial judge in denying the motion for continuance. *Davis v. Barnes,* supra. Accordingly, there was no error in the trial court's denial of appellant's motion for a new trial.

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

Decided October 29, 1981 —<br>Rehearing denied November 18, 1981 — 

*George W. Hart, Michael G. Frick,* for appellant.
*Joseph P. MacNabb, David C. Stripling,* for appellee.