66195. GASKIN v. THE STATE.

DEEN, Presiding Judge.

Appellant James Allen Gaskin was convicted by a Clayton County jury of kidnapping, rape, and three counts of aggravated sodomy. He received a twenty-year prison sentence on the kidnapping count and a life sentence on the rape count and on each of the counts of aggravated sodomy, all the sentences to be served concurrently.

In the early evening of March 5, 1982, the appellant and the victim had encountered one another by chance at a telephone booth in front of the apartment building where the victim was visiting friends. Upon overhearing appellant conversing about drugs, the victim, an eighteen-year-old girl, inquired of him where she might

exchange some pills she had for other drugs that she preferred. Appellant offered to take her to the nearby apartment of a friend of his who was knowledgeable in such matters, and the two drove away in the appellant's automobile. While purportedly seeking the apartment's exact location, the pair smoked one or more marijuana cigarettes, took several valium pills, and drank one or more cans of beer. Thereafter there occurred three sexual encounters: one in the car, another on an overgrown road in a nearby wooded area, and a third in a room at a motel. In between these bouts the parties continued to consume quantities of beer and drugs.

The appellant and the victim gave two widely differing accounts of the circumstances under which the sexual episodes occurred. The victim contended that while they were socializing in the automobile, appellant had suddenly held an open pocketknife to her throat and forced her to submit to his advances, and that he again threatened her with the knife and with a rifle before each of the other two episodes. She further contended that between the first and second episodes and again between the second and third, appellant had tied her hands and feet with a rope and with her pantyhose and placed her in the trunk of the automobile, and that at the motel he had gagged her with a strip torn from a towel. Several hours after their initial meeting, in the early hours of March 6, the appellant had dropped her off at her friend's apartment, clad only in a motel blanket.

Appellant, on the other hand, denied that the victim had been threatened; he alleged rather that she had asked him to get his rifle out of the trunk so she could shoot at the stars, that she had asked him to let her practice throwing his knife at the motel room door, that the strip of motel towel with which he had allegedly gagged her had been torn off by the victim for purposes of her own, that he had never seen the rope or the hosiery with which she had allegedly been tied, that the victim had offered to get into the trunk so as to avoid the necessity of paying for two persons at the motel (until confronted by police with evidence that the victim had been inside the trunk he had denied that she was in the trunk at all), and that when he dropped her off at her friend's apartment she was fully dressed and had taken the blanket from the motel room only because she was chilly. When arrested at his job site on March 8, appellant voluntarily made a statement in which he admitted having engaged in the illicit sexual activities but denied that he had used any force at all, insisting that the victim had been a willing — even eager — participant.

At trial, law enforcement personnel testified regarding the circumstances of the victim's reporting the incident to them; their investigation of the sites of the alleged instances of rape and sodomy; and their discovery of corroborative physical evidence. They also

testified concerning the bruises and abrasions on various parts of the victim's body and the rope burns on her wrists and ankles. A friend present at the apartment when the victim returned also testified regarding the victim's bruised and battered appearance, and photographs showing the marks on her torso and limbs were introduced into evidence. *Held:*

1. Defense counsel's motion for a continuance was based on the fact that he had not received a tape or transcript of the committal hearing until approximately twenty-four hours before the trial and that as a consequence he was unable adequately to prepare to cross-examine or impeach the prosecution's witnesses. The record indicates that appellant's counsel had been informed some days earlier that he might pick up the tape and transcript at his convenience, and that through either a misunderstanding or lack of due diligence on his part, he had not done so until the day preceding the trial. By his own admission counsel had been present at the committal hearing and therefore could be presumed to know what took place there. Moreover, whether to grant or deny a continuance is within the sound discretion of the trial court. OCGA § 9-10-167 (a) (Code Ann. § 81-1419); *Clark v. State,* 159 Ga. App. 438 (283 SE2d 666) (1981). We cannot say that in the circumstances the court's discretion was abused. OCGA §§ 9-10-166, 17-8-20 (Code Ann. § 81-1416); *Hammonds v. State,* 157 Ga. App. 393 (277 SE2d 762) (1981); see also *Davis v. Barnes,* 158 Ga. App. 89 (279 SE2d 330) (1981); *Bloodworth v. Caldwell,* 150 Ga. App. 443 (258 SE2d 64) (1979). This enumeration is without merit.

2. Appellant assigns as error the court's admitting the testimony of a fifteen-year-old girl whom appellant had been convicted of attempting to rape some three and one-half years earlier. The general rule concerning the introduction of evidence of another crime is set forth in *Bacon v. State,* 209 Ga. 261, at 262 (71 SE2d 615) (1952): " '[O]n a prosecution for a particular crime, evidence which in any manner shows or tends to show that the accused has committed another crime wholly independent from that for which he is on trial, even though it be a crime of the same sort, is irrelevant and inadmissible ' " (quoting *Green v. State,* 172 Ga. 635 (158 SE 285) (1931)). Where "there is a logical connection between the two [crimes] in that proof of the extraneous crime shows malice, intent, motive, or identity," however, the evidence should be admitted unless the prejudice it creates is outweighed by its relevancy to the issues on trial. *Campbell v. State,* 234 Ga. 130, 131 (214 SE2d 656) (1975); *Hicks v. State,* 232 Ga. 393, 397 (207 SE2d 30) (1974). Moreover, "[i]n sexual offense crimes evidence of similar prior acts is admissible to show the lustful disposition of the defendant and to

corroborate the testimony of the victim as to the acts charged."
*Phelps v. State,* 158 Ga. App. 219 (279 SE2d 513) (1981); *Felts v. State,* 154 Ga. App. 571 (269 SE2d 73) (1980).

In the instant case the victim of the prior offense testified that as she was sitting alone in a wooded area appellant had suddenly appeared at her side, holding at her throat an open pocketknife of the same type as that offered in evidence here. He had picked her up and, still holding the extended blade against her throat, carried her deeper into the woods, where he tied her hands with a rope, tore a strip from her shirt and gagged her with it, partially disrobed her, and was commencing to have intercourse with her when a passerby interrupted and caused him to flee. The similarities to the acts alleged by the victim in the instant case are apparent.

Appellant further contends, however, that the prior offense was too remote in time to be admissible in the present action. The decisions of Georgia courts do not sustain appellant's contention. In *Shaw v. State,* 60 Ga. 246, 250 (1878), the court approved a span of four years between the prior offense and that at bar; in *Bellamy v. State,* 157 Ga. App. 265 (277 SE2d 284) (1981), six years; in *Campbell v. State,* supra, seven years; and in *Allen v. State,* 152 Ga. App. 481 (1) (263 SE2d 259) (1979), eight years. The evidence in this case clearly falls within the recognized exception, and this enumeration is also without merit.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED APRIL 19, 1983.

*R. Edwin Joyner, Thomas J. Ousley,* for appellant.
*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney,* for appellee.