## 66115. LEWIS et al. v. DAIRYLAND INSURANCE COMPANY.

DEEN, Presiding Judge.

Appellants appeal from the grant of summary judgment in favor of Dairyland Insurance Company.

1. The trial court did not err in failing to grant the motion of appellants' attorney for a continuance filed the day before the hearing on the motion for summary judgment. Counsel's motion stated: "[t]hat he has a jury trial starting at 9:00 o'clock A.M. on Friday, September 10, 1982, in Long County, Georgia, and is not able to attend Court in Liberty County, Georgia."

OCGA § 9-10-155 (Code Ann. § 81-1413) provides: "The illness or absence, from providential cause, of counsel where there is but one, or of the leading counsel where there are more than one, shall be a sufficient ground for continuance, provided that the party making the application for a continuance will swear that he cannot go safely to trial without the services of the absent counsel, that he expects his services at the next term, and that the application is not made for delay only." (An identical provision, OCGA § 17-8-24 (Code Ann. § 81-1413) applies to criminal cases.)

It has long been established that there must be strict compliance with this code section, that the motion must affirmatively disclose the essential requirements of the code section and that the party making the application must swear that the codal requirements have been satisfied. *Mosley v. Bridges,* 71 Ga. App. 156 (30 SE2d 355) (1944); *K-Mart Corp. v. Key,* 160 Ga. App. 413 (287 SE2d 266) (1981). See also *Scott v. State,* 151 Ga. App. 840 (262 SE2d 199) (1979). The continuance or postponement of a case because counsel is without leave and is engaged in the trial of a case in another court is not favored. *Davis v. Barnes,* 158 Ga. App. 89 (279 SE2d 330) (1981); *Bloodworth v. Caldwell,* 150 Ga. App. 443 (258 SE2d 64) (1979).

Here, counsel's motion clearly does not comply with the statutory requirements and we find that the trial court did not abuse its discretion in denying the motion. *K-Mart Corp. v. Key,* supra; *Atlanta West Enterprises v. Cobb County Bank,* 150 Ga. App. 577 (258 SE2d 193) (1979); *Bloodworth v. Caldwell,* supra.

2. The record shows that Daniel Edenfield was driving a vehicle, owned by Rufus Lewis and insured by State Farm Mutual Automobile Insurance Company, which was involved in an accident on December 14, 1978, and resulted in the death of Lewis' daughter Monica. In the declaratory judgment action brought by State Farm, an issue arose as to whether Daniel Edenfield was living in the

household of his father Wendell Edenfield at the time of the accident and might be insured under the terms of his father's policy with Dairyland. In the father's answer to the complaint, he denied that his son was a resident of his household at the time of the accident, and the son's answer states that he was not a resident of his father's household on December 14, 1978. The father also gave deposition testimony stating that his son was legally an adult on the date of the accident (birthdate 10/22/59), that in July Daniel had moved out of the house at 420 General Screven Road in Hinesville, Liberty County taking all his belongings with him, that the son was self-supporting from that time until after the date of the accident, and that on the date of the accident he (the father) was residing with his nephew and niece at Tobett Trail at the Country Club in Liberty County although he did pick up mail at his former address. The record, however, includes copies of Daniel Edenfield's applications to Brunswick Junior College. The first is dated December 3, 1978, a few days before the accident, and lists his permanent home address as 420 General Screven Road, Hinesville, and states that he is a permanent resident of Liberty County. The second application is dated June 7, 1979, also gives the Hinesville address as his permanent residence, and states that he has been a legal resident of Liberty County for two years. Both applications give a Brunswick (Glynn County) address as his current address. Because this evidence is conflicting, we find that contrary to Dairyland's contention the son cannot be excluded as a member of his father's household as a matter of law and thus not be insured under the father's policy.

Inasmuch as a question of fact remains as to whether the son is a member of his father's household the grant of summary judgment is reversed.

*Judgment reversed. Banke and Carley, JJ., concur.*

DECIDED NOVEMBER 29, 1983 —
REHEARING DENIED DECEMBER 13, 1983 — 

*John E. Pirkle,* for appellants.
*James M. Thomas, Richard B. Eason, Jr., Noel H. Benedict,* for appellee.