## 72088. GEORGIA AMERICAN INSURANCE COMPANY v. VARNUM.
### (345 SE2d 863)

BANKE, Chief Judge.

Patricia Avery Varnum, sued her automobile casualty insurer, Georgia American Insurance Company, to recover optional personal injury protection (PIP) benefits pursuant to the theory of recovery set forth in *Flewellen v. Atlanta Cas. Co.,* 250 Ga. 709 (300 SE2d 673) (1983). In a prior appearance of the case before this court, we held that the trial court was correct in awarding summary judgment to the plaintiff on the issue of the existence of optional coverage. See *Georgia American Ins. Co. v. Varnum,* 171 Ga. App. 190 (318 SE2d 814) (1984). This appeal follows a subsequent jury verdict awarding the plaintiff $13,000 in optional PIP benefits, plus statutory penalties, attorney fees, and punitive damages totaling $58,875. *Held*:

1. Georgia American contends that the trial court erred in refusing to grant its motion for a continuance based on the absence of its lead counsel. The trial had initially been scheduled for the week of February 25, 1985, but had been continued at Georgia American's request and specially set for Monday, April 15, 1985, pursuant to agreement of counsel. On Thursday, April 11, 1985, Georgia American filed a motion for another continuance on the ground that its lead counsel was trying a case in another county which was scheduled to last beyond April 15th. Specifically, the motion alleged that Georgia American's lead counsel, who was in fact the company's only counsel of record in the present case, was representing another defendant in a trial which had been in progress in the Superior Court of Gwinnett County since Monday, April 8, 1985; that said counsel had advised the court at the time the present case was set for trial that he would not be available during the week of April 8 due to the pendency of the Gwinnett case; that counsel for the plaintiff in the Gwinnett case had previously represented to the Gwinnett court that the plaintiff's case would be completed by Wednesday, April 10; that as of the Gwinnett trial's recess on Thursday, April 11, plaintiff's counsel still had not rested his case; and that he (defense counsel) now expected the Gwinnett trial to last through Tuesday, April 16, with the result that he would not be available to try the present case until after April 15th. Georgia American's counsel certified by affidavit "that the matters in [the present] action cannot be adequately handled, and the client's interest adequately protected by other counsel for the party in action, or by other attorneys in the lead counsel's firm" and further certified

that the motion for continuance was not made for purposes of delay. The record does not reflect that any of these averments and assertions have ever been disputed.

Georgia American's motion asked that the case either be held for defense counsel's report following the termination of the Gwinnett trial, or, in the alternative, that it be continued to the next trial calendar. The trial court denied the motion on April 12, 1985, with the result that Georgia American was represented during the trial of the present action by another attorney from the lead counsel's firm. Lead counsel was unable to make any appearance at the trial of the present action until the afternoon of April 17, 1985, by which time closing arguments had been made and the jury had been charged.

Motions for continuance based on the absence of counsel are governed by OCGA § 9-10-155, which provides as follows: "The illness or absence, from providential cause, of counsel where there is but one, or of the leading counsel where there are more than one, *shall* be a sufficient ground for continuance, provided that the party making the application for a continuance will swear that he cannot go safely to trial without the services of the absent counsel, that he expects his services at the next term, and that the application is not made for delay only." (Emphasis supplied.)

It has often been held that the continuance or postponement of a case because counsel is engaged, without leave, in the trial of a case in another court is not favored and that there must be strict compliance with the code section in order for a party to be entitled to a continuance on such ground. See, e.g., *Lewis v. Dairyland Ins. Co.*, 169 Ga. App. 265 (1) (312 SE2d 165) (1983); *K-Mart Corp. v. Key*, 160 Ga. App. 413 (287 SE2d 266) (1981). However, the right to counsel of one's own choosing is an invaluable one; and consequently, where the required showing is made and where due diligence is established as required by OCGA § 9-10-166, the continuance should be granted. See *Dennard v. Farmers &c. Bank*, 151 Ga. 445, 448 (107 SE 56) (1921). Cf. *McKinnon v. Shoemaker*, 166 Ga. App. 231 (1) (303 SE2d 770) (1983).

Defense counsel in the present case made the required showing on behalf of his client and further established that prompt and extensive steps had been taken (only a portion of which have been set forth herein) to alert the court about his predicament. Indeed, it is difficult to imagine what more counsel could have done in this regard. Compare *K-Mart Corp. v. Key*, supra (where the written motion for continuance was not made until after voir dire had been completed and a jury selected, and where the court was first notified orally of the need for a continuance at the calendar call). For these reasons, we hold that the trial court erred in denying Georgia American's motion.

2. The trial court did not err in refusing to admit, for the pur-

pose of impeaching the plaintiff's testimony that she had never "received an injury" prior to the motor vehicle accident giving rise to the present lawsuit, a certified copy of a divorce petition containing allegations that her former husband had beaten and kicked her.

Generally speaking, questions of relevance are within the domain of the trial court, and, absent a manifest abuse of discretion, a court's refusal to admit evidence on grounds of lack of relevance will not be disturbed on appeal. *Allstate Ins. Co. v. McGee*, 157 Ga. App. 53, 55 (276 SE2d 108) (1981). In testifying that she had never before received an injury, the plaintiff was obviously not claiming that she had never even suffered so much as a bruise prior to the accident in question but rather that she had never before received a serious or disabling injury. The allegation contained in her divorce petition was not, strictly speaking, inconsistent with such an assertion, nor was it otherwise germane to any issue involved in the present case. Consequently, the trial court did not abuse its discretion either in refusing to allow the divorce petition into evidence or in refusing to allow the plaintiff to be cross-examined with reference to the petition.

3. "The question of the insurer's good faith (or lack thereof) is one of fact for the jury, and the jury's determination on this issue should be upheld on appeal if there is any evidence to support it." *Binns v. MARTA*, 250 Ga. 847, 848 (301 SE2d 877) (1983). Accord *Bituminous Cas. Corp. v. Mowery*, 145 Ga. App. 45, 53-54 (244 SE2d 573) (1978). The evidence in this case did not demand the conclusion that the defendant had acted reasonably in contesting the plaintiff's right to optional PIP benefits and refusing to pay such benefits in a timely manner. Consequently, we hold that the trial court did not err in denying the defendant's motion for directed verdict with respect to the claims for a bad faith penalty, punitive damages, and attorney fees.

4. Similarly, the evidence did not establish as a matter of law that the period of plaintiff's disability resulting from the accident had lasted no longer than 14 weeks. Consequently, the trial court did not err in refusing to direct a verdict in the defendant's favor with respect to this issue, either.

5. The remaining enumerations of error concern matters which are unlikely to reoccur upon retrial of the case, and they will therefore not be considered in this appeal.

*Judgment reversed. Sognier, J., concurs. Birdsong, P. J., concurs in judgment only.*

Decided April 30, 1986 —
Rehearing denied May 23, 1986 —

*Richard B. Eason, Jr., Carolyn J. Kennedy*, for appellant.

*Kenneth M. Henson, Millard D. Fuller*, for appellee.