UNITED STATES ET AL. *v.* WABASH RAILROAD CO. ET AL.

No. 453. Decided May 8, 1944.

*Messrs. C. C. Le Forgee, Luther M. Walter, Nuel D. Belnap,* and *John S. Burchmore* for the Staley Manufacturing Co., petitioner.

Mr. Chief Justice Stone:

In its petition for rehearing, appellee Staley Manufacturing Co. for the first time calls to our attention certain alleged changes in the location and arrangement of tracks on which are placed cars moving to and from the tracks of the line-haul carriers from and to Staley's industrial tracks. The changes are alleged to have occurred after the submission of the case to the Interstate Commerce Commission and are said to call for a different conclusion than that reached by the Commission as to whether the spotting service now performed by Staley is a part of the service covered by the line-haul tariffs.

The Commission's report considered in detail the circumstances attending the placing of cars at what are termed the Burwell tracks, which it found to be located within the Staley plant area and to have been leased by Staley to appellee Wabash Railroad Co. Its report states that, in general, cars delivered to Staley were initially placed by the carrier on the Burwell tracks and thence switched to appropriate unloading points at the Staley plant, while cars received from Staley were generally placed on the Wabash Railroad's general or storage tracks, but were also sometimes placed on the Burwell tracks. The Commission found, on sufficient evidence then before it, that "the movements between points of loading or unloading within the plant area of the Staley Company and the Burwell yard, the storage yard, or the general yard of the Wabash . . . in all instances are, and must be, co-

ordinated with the industrial operations of the Staley Company and conform to its convenience." And in its second conclusion of law it stated that "all services between the Burwell yard or the storage or general yard of the Wabash and points of loading or unloading within the plant area of the Staley Company are plant services for the Staley Company and not common-carrier services covered by the line-haul rates and charges of respondent carriers."

By their petitions for rehearing addressed to the Commission, appellees alleged that since March 1, 1941, three months after the case had been submitted to the Commission and about two months before it rendered its decision, the use of the Burwell tracks had been discontinued, and that those tracks had thereafter been disconnected and were being dismantled. They further alleged that appellee Wabash Railroad was in course of constructing new tracks on its own property "adjacent to its yard tracks north of the Staley plant" and "immediately north of the so-called Burwell yard" for use in the interchange of cars with Staley and other shippers, and that meanwhile the interchange was being performed from its general or storage yards. Appellees moved respectively that the Commission reconsider its decision "upon such further proceedings as may be appropriate and necessary," and that "the case be set down for a further hearing, and that . . . the Commission reconsider its order." No evidence was specified or tendered to prove before the Commission the allegations of the petitions for rehearing, and no opportunity to introduce evidence was in terms requested. The Commission denied the petitions for rehearing without opinion.

Before the District Court appellees set out the substance of their petitions to the Commission for rehearing and urged that the Commission erred in denying them. The

United States in its answer admitted only that appellees had alleged in those petitions for rehearing the matters set forth; the truth of the matters alleged was not admitted by either appellant. No new evidence was taken in the District Court. That court did not pass on this question, and made no findings as to the extent or effect of the alleged change of conditions.

Nothing in the petitions to the Commission for rehearing or in the petition here affords any basis for saying that the alleged changes in conditions are of a character which would require any modification of the Commission's order or that appellees could not, with due diligence, have brought the changes to the attention of the Commission before it made its report. They were not referred to in appellees' briefs in this Court. Compare rule 27, paragraphs 4 and 6; *I. T. S. Rubber Co.* v. *Essex Rubber Co.*, 272 U. S. 429, 431–2; *Flournoy* v. *Wiener*, 321 U. S. 253, 260–61. Neither the Commission nor the District Court have made findings with respect to them and they were not considered by this Court or referred to in its opinion.

We find nothing in the record or in the petition before us which calls on the Court in the present proceeding to pass on the question now sought to be raised. Our decision is accordingly without prejudice to appellees' presentation in any appropriate proceeding before the Commission and the courts, of their contention that as a result of changed conditions after the case was submitted to the Commission, the spotting service as now performed is not in excess of the carriers' obligation under their tariff rates, and that its performance by the carriers without charge is therefore not unlawful.

The petition for rehearing is denied.