**VIDEO TAPE EXCHANGE CO–OP. OF AMERICA, INC., Petitioner,**

v.

**INDIANA DEPARTMENT OF STATE REVENUE, Respondent.**

No. 82T05–8805–TA–00031.

Tax Court of Indiana.

Jan. 16, 1989.

Jay Walden, Evansville, for petitioner.

Linley E. Pearson, Atty. Gen. by Marilyn S. Meighen, Deputy Atty. Gen., Indianapolis, for respondent.

FISHER, Judge.

## STATEMENT OF THE CASE

Petitioner, Video Tape Exchange Co–Op of America, Inc., appeals a final determination made by Respondent, Indiana Department of Revenue, regarding imposition of gross retail/use tax. During the years 1982, 1983, and 1984, Video Tape was engaged in the business of renting video cassette tapes to the public. Pursuant to an audit, the Department assessed gross retail/use tax for each year because of Video Tape's failure to collect and remit the gross retail tax on each rental. An administrative hearing was held on Video Tape's protest of the assessment. The protest was denied by the Department and this appeal followed. Video Tape presents three issues pertaining to the assessment of the tax:

I. Is the rental of video cassette tapes to customers for home viewing excluded from the gross retail/use tax because the customer "broadcasts" the tapes as that term is used in IC 6–2.5–4–10(c)?

II. Is the Department estopped from enforcing a statute when the petitioner makes allegations of conversations with Department employees upon which the petitioner relied, but presents no evidence of such conversations?

III. Is the petitioner a victim of selective enforcement, so that the Department's assessment must be overturned, when no evidence is presented that petitioner was singled out for special assessment?

An additional issue pertains to the imposition of penalties and interest.

## I.

The State Gross Retail Tax is an excise tax imposed on retail transactions made in Indiana. Generally, the person acquiring property in a retail transaction is liable for the tax. The tax is paid to the retail merchant, who collects the tax as an agent for the state. IC 6–2.5–2–1. A person is a retail merchant making a taxable retail transaction when he purchases and transfers property in the ordinary course of his regularly conducted trade or business. IC 6–2.5–4–1. The term "person" as used in IC 6–2.5 is defined in IC 6–2.5–1–3 to include a corporation. The legislature has determined that a person is a retail merchant making a retail transaction when he rents or leases personal property to another person. IC 6–2.5–4–10(a). The assessment being protested results from Video Tape's failure to collect the tax upon its rentals to persons who played the tapes on their video recorders for home viewing.

Video Tape does not dispute the Department's conclusion that it rented tapes in the ordinary course of its regularly conducted business. Instead, Video Tape contends that rentals of video cassette tapes are excluded from the tax under IC 6–2.5–4–10(c), which provides:

Notwithstanding subsection (a), a person is not a retail merchant making a retail transaction when the person rents or leases motion picture film, audio tape, or video tape to another person. However, this exclusion only applies if:

(1) the person who pays to rent or lease the film charges admission to those who view the film; or

(2) the person who pays to rent or lease the film or tape broadcasts the film or tape for home viewing or listening.

Video Tape contends that its rentals should be excluded from the tax because its customers, in playing the tape for home viewing, were broadcasting the tape. The Department contends that the plain and ordinary definition of "broadcast" does not encompass the use made by Video Tape's customers.

IC 1–1–4–1 provides that:

The construction of all statutes of this state shall be by the following rules, unless such construction is plainly repugnant to the intent of the legislature or of the context of the same statute:

(1) Words and phrases shall be taken in their plain, or ordinary and usual, sense. But technical words and phrases having a peculiar and appropriate meaning in law shall be understood according to their technical import.

IC 1–1–4–1 is not always helpful in construing a statute because many words and phrases have two or more variant definitions, and each of the definitions, or none of the definitions, could be the plain, ordinary, or usual definition. However, this court's research reveals (and Video Tape has not provided any authority to the contrary) that definitions of · "broadcast," "broadcasting," or "broadcaster" have a significant common factor. The noun "broadcast" means "the act of making widely known." The verb means "to make widely known: disseminate or distribute widely or at random ... to send out from a transmitting station for an unlimited number of receivers." The adjective means "to make public by means of radio or television." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 281 (3D ED.1981). "Broadcast" is defined by case law as "to disseminate widely." *Norman v. City of Las Vegas* (1947), 64 Nev. 38, 177 P.2d 442. A broadcaster's signals are "transmitted into space for anyone to receive." *Winchester T.V. Cable Co. v. State Tax Comm'rs* (1975), 216 Va. 286, 217 S.E.2d 885. The Virginia Supreme Court, in *WTAR Radio TV Corp. v. Commonwealth* (1977), 217 Va. 877, 234 S.E.2d 245, 247–48, also noted that "broadcast" includes the concept of wide dissemination.

■■■ In IC 6–2.5–4–10, the term "broadcasts" is used as a verb which this court finds is, in its plain, ordinary, and usual sense, a word connoting wide dissemination to the general public. Video Tape's customers rented tapes for the general purpose of playing them on a video cassette recorder for their own enjoyment, as well as the enjoyment of family and guests.

Video Tape's customers did not in so doing "broadcast" the tape. Therefore, Video Tape does not qualify for exclusion from the tax. The tax should have been collected on each rental and remitted at the proper time.

Moreover, if the court accepted Video Tape's interpretation of the statute there would be no tape rental transaction that would be subject to the tax. Accordingly, the two conditions listed in subsection (c)(1) and (c)(2) would be meaningless. All provisions of a statute must be read together so that no part of a statute is rendered meaningless. *Marhoefer Packing Co., Inc. v. Ind. Dep't of State Revenue* (1973), 157 Ind.App. 505, 301 N.E.2d 209.

## II.

Video Tape argues that the Department should be estopped from collecting the tax. Video Tape's estoppel theory hinges on telephone conversations with an employee working at the Department's Evansville office. The topic of the conversations was the taxable status of video cassette tape rentals. The advice given was that Video Tape's rentals were not subject to the gross retail tax.

■■■ Estoppels against the state are disfavored. *West Publishing Co. v. Ind. Dep't of Revenue* (1988), Ind.Tax, 524 N.E. 2d 1329, 1333. "The state will not be estopped in the absence of *clear evidence* that its agents made representations upon which the party asserting estoppel relied." (emphasis supplied) *Id.* (citing e.g. *Hearing and Speech Clinic of Evansville v. Dep't of Welfare* (1984), Ind.App., 466 N.E.2d 462; *In re Property Located at the Marriott Inn* (1983), Ind.App., 456 N.E.2d 444, *cert. denied sub nom. Carson v. Indiana* (1985), 470 U.S. 1005, 105 S.Ct. 1359, 84 L.Ed.2d 380).

■■■ In the case at bar only bare assertions of the conversation are made. Video Tape is unable to identify the party with whom it talked by telephone, the terms of the query made to the party, the exact terms of the response, or the authority of the party to bind the Department. Video

Tape made no written request for information or a ruling on the requirement to collect tax on video tape rentals, consequently it received no written policy statement. Video Tape's Vice President did indicate that he once spoke with an individual auditor, identified as Wayne Moore. In a casual conversation, Mr. Moore allegedly stated that he knew of no tax which would apply to Video Tape's rentals. However, he suggested that Video Tape contact the Department for an official opinion. Again, there is no clear evidence of this conversation and no evidence an official opinion was ever sought. This court is not unsympathetic to the plight of a small businessman faced with the uncertainties of a new business venture. However, the lack of clear evidence in this case necessitates a finding against Video Tape. One who alleges and relies on an estoppel has the burden to establish all facts necessary to constitute it. *Phar–Crest Land Corp. v. Therber* (1969), 251 Ind. 674, 244 N.E.2d 644.

### III.

Video Tape raises the possibility of selective enforcement with the following statement in its brief:

That Revenue should be estopped from collecting the Indiana Retail Sales Tax from VTECA for the above referenced years by reason of its unlawful selective enforcement of Indiana laws.

This statement is not followed by any argument. Video Tape's Vice President merely testified at the hearing that he had no knowledge that his competitors had to collect the gross retail tax. There was no attempt made to present additional evidence or make legal argument on this issue.

The Legislature has given the Department primary responsibility for the administration, collection, and enforcement of the listed taxes. IC 6–8.1–3–1. Coupled with that responsibility is the authority to enforce the tax statutes. *Id.* Administrative action against a practice which is contrary to statute is not precluded because the agency does not proceed simultaneously against all violators. *United States v.*

*Wabash R. Co.* (1944), 321 U.S. 403, 64 S.Ct. 752, 88 L.Ed. 827 *reh. denied*, 322 U.S. 198, 64 S.Ct. 974, 88 L.Ed. 1225. Video Tape has failed to show why the taxing statutes should not be enforced. It has made no contention that any constitutional provision has been violated. *See Indiana Aeronautics Comm'n v. Ambassadair, Inc.* (1977), 267 Ind. 137, 368 N.E.2d 1340, *cert. denied*, 436 U.S. 905, 98 S.Ct. 2235, 56 L.Ed.2d 403.

### IV.

Video Tape hinges its argument against the imposition of a penalty on the basis that it established reasonable cause for its failure to collect and remit the tax. The penalty was imposed pursuant to IC 6–8.1–10–2(a), which states:

If a person fails to file a return for any of the listed taxes or fails to pay the full amount of tax shown on his return on or before the due date for the return or payment, incurs, upon examination by the department, a deficiency which is due to negligence, or fails to timely remit any tax held in trust for the state, the person is subject to a penalty.

Subsection (b) of the statute sets the penalty at ten percent of the tax due. Subsection (d) states that the penalty shall be waived if the taxpayer shows that failure to pay taxes was due to reasonable cause.

The Department has recently promulgated a regulation which covers the topic of penalty waiver. 45 IAC 15–11–2(c) states:

(c) The department shall waive the negligence penalty imposed under IC 6–8.1–10–1 [sic] if the taxpayer affirmatively establishes that the failure to file a return, pay the full amount of tax due, timely remit tax held in trust, or pay a deficiency was due to reasonable cause and not due to negligence. In order to establish reasonable cause, the taxpayer must demonstrate that it exercised ordinary business care and prudence in carrying out or failing to carry out a duty giving rise to the penalty imposed under this section. Factors which may

be considered in determining reasonable cause include, but are not limited to:

(1) the nature of the tax involved;

(2) judicial precedents set by Indiana courts;

(3) judicial precedents established by jurisdictions outside Indiana;

(4) published department instructions, information bulletins, letters of findings, rulings, letters of advice, etc.

(5) previous audits or letters of findings concerning the issue and taxpayer involved in the penalty assessment.

Reasonable cause is a fact sensitive question and thus will be dealt with according to the particular facts and circumstances of each case.

 This court holds that the penalty shall be waived. Ignorance of the tax laws or regulations is normally not an excuse for failure to properly collect and remit the tax. However, in this case, there was reasonable cause for failure to collect and remit the tax because of the following factors: the industry was in its nascent stages; the statute was not as clear as it might be; no regulation covered the new industry; the Department had done nothing prior to the audit to indicate to the taxpayer that the tax should have been collected; and Video Tape partially relied on a tax service report which indicated that rentals of tapes for home viewing were excluded from the tax. Further, the Department has neither briefed nor argued against waiver of the penalty.

 Video Tape also contends that the interest imposed should be waived. Interest is imposed pursuant to IC 6–8.1–10–1, which states:

If a person fails to file a return for any of the listed taxes, fails to pay the full amount of tax shown on his return by the due date for the return or the payment, or incurs a deficiency upon a determination by the department, the person is subject to interest on the nonpayment.

Subsection (e) of the statute provides that the Department may not waive interest imposed. Video Tape contends that IC ·6–2.5–9–3, which requires an individual to remit taxes to the state, was only recently amended to require payment of penalties and interest, and therefore, interest need not be paid by Video Tape.

This court holds that IC 6–2.5–9–3 is not applicable here because that statute only applies to the personal liability of individuals with a duty to remit the tax. The statute does not refer to corporations which fail to collect the tax.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Petitioner take nothing by its petition and judgment is entered for Respondent, State of Indiana.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the penalty imposed by IC 6–8.1–10–2 be and the same is hereby waived due to reasonable cause. Interest imposed under IC 6–8.1–10–1 shall not be waived.