SCHEB, Acting Chief Judge.
Appellant, State Farm Mutual Automobile Insurance Company, challenges a final summary judgment that (1) granted Daphne Hasemeier uninsured/underin-sured motorist coverage under an automobile policy issued by State Farm to her mother, Teresa Breeding, and (2) denied State Farm’s motion for summary judgment.
Daphne Hasemeier filed a complaint for declaratory relief against State Farm. She alleged that State Farm improperly denied her claim for injuries sustained in an accident on August 23, 1982. After considerable discovery, Hasemeier and State Farm each moved for summary judgment. The court denied State Farm’s motion and granted summary judgment in favor of Ha-semeier. This appeal by State Farm ensued.
State Farm contends that Hasemeier was not entitled to a summary judgment because she was not covered under her mother’s policy. According to the policy, coverage extended to the named “insured” and the insured’s “relatives.” The policy defined “relative” as “a person related to you or your spouse by blood, marriage or adoption who lives with you. It includes your unmarried and unemancipated child away at school.”
From our examination of the pleadings, depositions, and affidavits on file, we conclude that the trial judge erred in granting Hasemeier’s motion for summary judgment on the issue of coverage. The record reveals that Hasemeier’s mother, Teresa Breeding, is the named insured under the policy. There is no question that her daughter was unmarried at the time of the accident; however, the evidence falls short of establishing conclusively that at the time *834 of the accident Hasemeier was an “un-emancipated child away at school.”
Daphne Hasemeier moved to Sarasota in January 1982 to get a job and “maybe consider going to school down there.” Shortly after her arrival in Sarasota, she accepted full-time employment with a computer company and part-time employment in a retail store. In April 1982, she signed a one-year lease on an apartment in Sarasota. On August 16, she changed jobs and accepted full-time employment with a law firm. Shortly thereafter, she registered for a night course at a vocational school to “become a paralegal.” The course was scheduled to begin on August 24, the day following her accident.
In her affidavit, Hasemeier stated that she was dependent on her mother, Teresa Breeding, for support. Breeding stated in her affidavit that her daughter was not capable of supporting herself and that she periodically provided her daughter money for rent, food, and clothing expenses. In addition, Breeding stated that she provided an auto for Hasemeier’s use and paid for the vehicle’s insurance.
The cases are legion that a summary judgment may not be issued unless the pleadings, depositions, and affidavits on file conclusively establish that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Wills v. Sears, Roebuck & Co., 351 So.2d 29 (Fla.1977). Thus, we think the trial court erred in awarding summary judgment in favor of Hasemeier on the coverage issue.
There is some evidence in the record from which conflicting inferences may be drawn on the issue of whether Hasemeier was an unemancipated child away at school. Therefore, since any doubt as to the existence or nonexistence of a genuine issue of material fact must be resolved against the movant, the trial judge correctly denied State Farm’s motion for summary judgment on the coverage issue. Jones v. Stoutenburgh, 91 So.2d 299 (Fla.1956); Burroughs Corp. v. American Druggists’ Ins. Co., 450 So.2d 540 (Fla. 2d DCA 1984).
Apart from the issue concerning the policy language relating to coverage, Ha-semeier seeks to sustain the trial court’s award of final summary judgment on the ground that she relied on representations by State Farm’s agent that she was covered under her mother’s policy. Despite some mention of this claim in her motion, in affidavits and depositions, Hasemeier’s complaint for declaratory judgment was limited in its scope to a declaration of her rights under the State Farm policy. Therefore, we think this matter was not properly before the trial judge when he entered the summary judgment.
Accordingly, we have reviewed only the issue of coverage under the policy. We find that the trial court erred in granting Hasemeier’s motion for summary judgment, but did not err in denying State Farm’s motion for summary judgment.
Summary judgment vacated; case remanded for further proceedings consistent with this opinion.
SCHOONOVER and HALL, JJ., concur.