Thomas W. JOHNSON, Appellant
(Plaintiff Below),

v.

Eddy PAYNE (Defendant Below),

and

National Insurance Association
Appellee (Intervenor Below).

No. 82A01–8908–CV–336.

Court of Appeals of Indiana,
First District.

Jan. 22, 1990.

David K. Robinson, Evansville, for appellant.

James D. Johnson, Ross E. Rudolph, Mattingly, Rudolph, Fine & Porter, Evansville, for appellee.

ROBERTSON, Judge.

Thomas W. Johnson appeals an adverse judgment on intervenor National Insurance Association's complaint for declaratory judgment in an action brought by Johnson against defendant Eddy Payne for injuries Johnson sustained as a consequence of an automobile accident on April 22, 1986. Neither Payne nor Johnson had insurance. Intervenor National Insurance Association (National) issued a policy of insurance containing uninsured motorist coverage to Johnson's former wife, Cheryl Millard.

We affirm the trial court's determination against coverage.

Johnson argues in this appeal:

(1) that the trial court applied an incorrect standard of law when it determined Johnson was not an insured under the uninsured motorist provisions of Millard's policy; and

(2) that the trial court erred in determining that National was not estopped from contesting its liability for uninsured motorist coverage on Johnson.

At the request of National, the trial court found the facts specially and stated its conclusions on the issues raised by National's complaint. The court also stated findings and conclusions on certain issues involved in Johnson's affirmative defenses of waiver and estoppel although not requested by either party to do so, and found generally that the facts and law were with National and against Johnson on National's complaint for declaratory judgment.

Both of the issues raised by Johnson challenge either the law employed by the trial court or an application of the law to the facts. Where a party challenges the judgment only as contrary to law and does not challenge the special findings as unsupported by the evidence, we do not consider the evidence but accept the findings as true and look to them ·to determine whether they support the judgment. *Department of Environmental Management v. Amax, Inc.* (1988), Ind.App., 529 N.E.2d 1209, 1211–1212. When the court makes special findings on fewer than all the issues pursuant to Ind. Rules of Procedure, Trial Rule 52(D), the court's general finding or judgment is dispositive of all issues upon which the court has not expressly found. *Norris Automotive Service v. Melton* (1988), Ind. App., 526 N.E.2d 1023, 1026; *Shrum v. Dalton* (1982), Ind.App., 442 N.E.2d 366, 371. On those issues, we will affirm if the trial court's judgment is sustainable upon any legal theory supported by the evidence. *Cf., id.; Norris Automotive Service, supra.* On appeal of claims tried by the court without a jury, this court will not set aside the findings or judgment unless clearly erroneous. T.R. 52(A).

### I.

Johnson argues the trial court erroneously considered circumstances other than his assertions of intent in determining whether he was a resident of Millard's household and hence, not an insured for purposes of Millard's uninsured motorist coverage.[1] Only one Indiana decision has

---

1. Part IV of Millard's insurance policy, entitled "Protection Against Uninsured Motorist," provides that "the definitions under Part I, except the definition of 'insured,' apply to Part IV of the Policy." Pursuant to Part IV, "insured" means:

(a) the named insured, and any relative;

\* \* \* \* \* \*

(c) any person with respect to damages who is entitled to recover because of bodily injury to which this part applies sustained by an insured under (a) ... above.

addressed an analogous issue—*Allstate Ins. Co. v. Neumann* (1982), Ind.App., 435 N.E.2d 591. Acknowledging that the term "resident" has no fixed or precise meaning in the law but turns upon both the context in which the term is used and the purpose of the instrument in which it is employed, the third district of this court held that more than physical presence was necessary to render an individual a "resident of the household" as that term had been used in an automobile liability insurance policy. The term also incorporates a subjective element of intent and reflects the contracting parties' desire to provide coverage to persons having unrestricted access to the insured's home and its contents. This court held in *Neumann* that the trial court could properly have determined that the proponent had not established rights to coverage under the policy despite testimony from the motorist allegedly covered by the policy that she considered herself living at the insured's house. In reaching this conclusion, we considered all of the evidence indicative of the motorist's living habits.

Of the same effect, although not directly on point, is *State Election Board v. Bayh* (1988), Ind., 521 N.E.2d 1313, in which the Indiana Supreme Court looked beyond self-serving statements of intent, holding that the question of residence was a contextual determination to be made by the trial court upon a consideration of the individual facts of any case. *Id.* 521 N.E.2d at 1318.

The decisions in other jurisdictions are consistent with this approach and disclose that the courts have relied upon a variety of factors in ascertaining whether a separated spouse living apart from the marital residence is a resident of the insured spouse's household. The watershed case in this area is *Hawaiian Ins. & Guaranty Co., Ltd. v. Federated American Ins. Co.* (1975), 13 Wash.App. 7, 534 P.2d 48. After considering a number of other decisions, that court concluded that the basic inquiry was whether the separation of the spouses was intended to be permanent without the prospect of reunion or only temporary with

Under part I, "relative means a relative of the named insured who is a resident of the same

reconciliation possible. 534 P.2d at 56. Coverage continues where the spouse leaves in hope that a reconciliation may take place but where the evidence established a fixed intent to depart permanently and a reconciliation is not contemplated, coverage ceases. *Id.* Factual considerations having a bearing upon the question include the living arrangements of the spouses, the spouses' attitudes toward one another as evidenced by their words and actions, whether the spouses continued to see each other, the continuation or cessation of financial obligations, and the public policy in favor of continuing coverage to both spouses during the legal existence of the marriage. *Id.*

The cases cited by Johnson, *Sanders v. Wausau Underwriters Ins. Co.* (1981), Fla. Dist.Ct.App., 392 So.2d 343 and *Southern Farm Bureau Casualty Ins. Co. v. Kimball* (1977), Tex.Civ.App., 552 S.W.2d 207, do not espouse some other test. The *Kimball* case, cited along with *Hawaiian Ins. & Guaranty Co., Ltd., supra* in *Sanders v. Wausau Underwriters Ins. Co., supra*, characterizes the test as being whether the absence of the party of interest from the household of the alleged insured is intended to be permanent or only temporary, i.e. whether there is physical absence coupled with an intent not to return. 552 S.W.2d 208. The *Kimball* court, in great detail, identifies the factual circumstances supportive of the trial court's determination.

Certainly, Johnson's declarations of his subjective intent must be weighed by the trial court in determining whether Johnson's absence from Millard's household was intended to be only temporary, but clearly, the weight to be attributed to Johnson's testimony is a matter strictly for the trial court. The trial court's factual findings indicate that the court found other evidence relevant to the question to be more persuasive: that Millard applied for the insurance at issue after separating from Johnson, at a time when she did not intend to reconcile and did not believe a reconcilia-

household."

tion would occur; that Millard's petition for dissolution was filed within three weeks of the application and a month after the Millard–Johnson separation, that Millard and Johnson never reconciled or lived together in the same residence after their initial separation; and that the insurance contract was created based upon Millard's representations that she was the only driver residing in the household and the premium calculated based upon the fact that Millard was separated. These findings, and the trial court's ultimate finding that Johnson was not a resident of Millard's household, are supported by the evidence of record, including other factual matters not cited by the trial court. Consequently, we are unable to hold that the trial court's determination is clearly erroneous.

## II.

The legal dispute on the waiver/estoppel question centers upon whether the doctrines of waiver and estoppel require a showing by Johnson of actual knowledge or whether the establishment of facts such as would cause a reasonable person to inquire will suffice. The trial court concluded as a matter of law that National had not waived its right to deny coverage to Johnson by compensating him for his medical expenses because National either lacked sufficient knowledge of the facts which would entitle it to deny coverage or was furnished incorrect information at the time of making payment to Johnson.

The trial court's factual findings indicate that Cheryl Millard applied for the coverage at issue on April 14, 1986, at a time when Millard was separated from her then-husband Johnson. Millard reported and National's agent listed Millard as the only driver in the household on the application. Indeed, the testimony of National's soliciting agent discloses that Millard specifically advised him that Johnson was not a member of the Millard household. (R. 137). Relying upon the representation made by Millard that she was separated from Johnson, National issued Millard an automobile insurance policy showing Millard as the only named insured and calculated the premium to be paid by Millard by using a

single female, over the age of twenty-five, rating. The collision in which Johnson was injured occurred only a few days later on April 22, 1986.

Millard divorced Johnson in August, 1986. The dissolution court restored Millard's maiden name. Subsequently, in correspondence with National's claims representative, Johnson's attorney continued to refer to Millard as though her maiden name had not been restored.

The record shows National issued the $1000 payment for Johnson's medical expenses on March 24, 1987. Johnson apparently did not personally learn of National's denial of coverage until about three weeks before National's complaint for declaratory judgment went to trial.

National contends that constructive notice does not suffice to invoke the doctrine of waiver, citing *Cameron v. Frances Slocum Bank & Trust Co.* (N.D.Ind., 1986), 628 F.Supp. 966, *modified* 824 F.2d 570. Ordinarily, a waiver must be predicated upon actual knowledge of all the acts surrounding the enforcement of a condition including those facts which would lead to a denial of liability and those which will necessarily influence the insurer in consenting to waive the condition. *Id.* In Indiana, this rule has been most consistently invoked under circumstances as in *Cameron*, *id.*, where the insured concealed material facts from the insurer and an application of the doctrine of waiver would effectively operate as a fraud upon the insurer. *Cf.*, *also, Rushville National Bank v. State Life Ins. Co.* (1936), 210 Ind. 492, 1 N.E.2d 445; *State Farm Mutual Automobile Ins. Co. of Bloomington v. Phillips* (1936), 210 Ind. 561, 2 N.E.2d 989.

The rule is true, however, only of those facts which are peculiarly within the knowledge of the insured. *National Life Ins. Co. v. House* (1937), 104 Ind.App. 403, 412, 9 N.E.2d 133, *trans. denied.* If the insurer ought to have known the facts, or with proper attention to its own business would have been apprised of them, it has no right to set up its ignorance as an excuse. *Id.* Knowledge of facts which

would be sufficient to lead a reasonably prudent person to inquire about the matter obligates an insurer to undertake a reasonable investigation to ascertain the truth; in the absence of an investigation, such knowledge constitutes notice of whatever an inquiry would have discovered and will be regarded as knowledge of the facts. *State Farm Mutual Automobile Ins. Co. v. Price* (1979), 181 Ind.App. 258, 396 N.E.2d 134, 136–137. *See also, Travelers Ins. Co. v. Eviston* (1941), 110 Ind.App. 143, 157, 37 N.E.2d 310 (waiver may arise from acts, words, conduct, notice or knowledge on part of insurer); *Glens Falls Ins. Co. v. Michael* (1906), 167 Ind. 659, 74 N.E. 964; *Union Ins. Exchange, Inc. v. Gaul* (7th Cir.1968), 393 F.2d 151.

Thus, in *Prudential Ins. Co. v. Winans* (1975), 263 Ind. 111, 325 N.E.2d 204, where the applicant conferred with the soliciting agent at the time the application was filled out and furnished all information requested by the agent, including the name of his family physician, Prudential was precluded from bringing an action to rescind the policy after paying benefits under the policy to the insured, because an inquiry of the physician would have revealed the facts relied upon by Prudential to avoid the policy. The Indiana Supreme Court noted in that case that Prudential, having clothed its agent with apparent authority to interpret the meaning of the questions asked in the form and to record the relevant information, became bound, and any omissions in obtaining the pertinent information were omissions of the agent and not the applicant. *Accord, Indiana Ins. Co. v. Hartwell* (1889), 123 Ind. 177, 24 N.E. 100; *American Central Life Ins. Co. v. Bott* (1921), 76 Ind.App. 439, 130 N.E. 432 (life insurance company which elects to pay without investigation cannot retract and fall back upon alleged breach of warranty in absence of fraud); *National Mutual Insurance Co. v. Bales* (1923), 81 Ind.App. 302, 141 N.E. 481 (notice to agent constructive notice to principal); *Globe & Rutgers Fire Insurance Co. v. Indiana Reduction Co.* (1916), 62 Ind.App. 528, 113 N.E. 425 (knowledge of inspector fixing rate after investigating risk, obtained while acting within scope of authority as agent, binding on insurer though not communicated to it).

■ In the present case, National compensated Johnson for medical expenses pursuant to a policy it had only recently issued and which it had issued based upon representations forthrightly made by Millard that she was separated from her husband Johnson and was the only driver in the household. National also calculated the premium based upon this information. The uncontroverted evidence established that Millard informed National's agent at the time she applied that Johnson was not a member of her household. Under Indiana precedent, National became bound by the knowledge of its agent even though those facts were not communicated to it. Had National's claims investigator contacted Millard about the status of her marriage at the time of the collision, it would have discovered that Johnson had not been a resident of the household since April 5, 1986. Consequently, the trial court's conclusion that National lacked sufficient knowledge of the facts which would entitle it to deny coverage is clearly erroneous.

■ The trial court also concluded, in the alternative, that National was furnished incorrect information at the time of making payment to Johnson. We presume this conclusion relates to the trial court's factual finding concerning the reference to Millard as Mrs. Johnson made by Johnson's attorney after Millard and Johnson were divorced as there is no evidence in the record of any other misinformation from Millard or Johnson. We observe that the critical question was the status of the Millard–Johnson relationship at the time of the collision, not several months later. Millard and Johnson were married but not residing in the same household at that time. National could have obtained this information, and the status of the relationship months later, by simply contacting its insured. To the extent, then, that National is arguing and the trial court found, that its conduct in issuing the medical payment can be excused by misleading information, we must hold that that conclusion is clearly erroneous as well since misrepresentations of the type entitling a party to equitable relief are those which are made to one without

knowledge or the reasonable means of knowing the true facts, with the intent that the misinformation will be relied upon. *Whitaker v. St. Joseph's Hospital* (1981), Ind.App., 415 N.E.2d 737, 744.

 Nonetheless, because of the trial court's general finding in favor of National, we must affirm the judgment if sustainable on any theory supported by the record. Indiana law provides that prejudice to the insured by the insurer's failure to deny coverage is necessary to prove estoppel or implied waiver. *Protective Ins. Co. v. Coca–Cola Bottling Co.* (1981), Ind.App., 423 N.E.2d 656, 662, *trans. denied; Hargis v. United Farm Bureau Mutual Ins. Co.* (1979), 180 Ind.App. 432, 388 N.E.2d 1175. Johnson argues that after National paid him medical benefits under the policy, he reasonably believed that he was covered by Millard's policy and as a consequence did not submit claims upon any other policy, such as that of his employer. Although the record does show that Johnson did not submit claims on any other policy, it does not establish that Johnson had at least a colorable claim against any other insurer or that such a claim was foreclosed because of National's delay in denying coverage. There simply is no evidence in the record demonstrating that Johnson acted in detrimental reliance upon either National's failure to deny coverage or its payment pursuant to the medical provisions of the policy. One who alleges and relies upon an estoppel has the burden of establishing all facts necessary to constitute it. *Video Tape Exchange v. Department of Revenue* (1989), Ind.Tax, 533 N.E.2d 1302, 1305; *Phar–Crest Land Corp. v. Therber* (1969), 251 Ind. 674, 244 N.E.2d 644. For this reason, we conclude that the trial court's ruling on Johnson's affirmative defenses of waiver and estoppel was proper and the judgment on National's complaint for declaratory judgment must be affirmed.

Judgment affirmed.

BAKER and CONOVER, JJ., concur.