**BRESSLER OUTDOOR ADVERTISING, LLC, Appellant–Petitioner,**

v.

**CITY OF FORT WAYNE BOARD OF ZONING APPEALS, Tom Kelley Cadillac, Inc., Tom Kelley Buick, Inc., Tom Kelley Pontiac GMC, Inc., Saturn of Fort Wayne, Inc., Mutton Power Equipment, Inc., Richard Staadt, and Elizabeth Staadt, Appellees–Respondents.**

No. 02A03–0201–CV–0003.

Court of Appeals of Indiana.

Oct. 30, 2002.

Steven D. Hardin, Bradley D. Hasler, Bingham McHale LLP, Noblesville, IN, Attorneys for Appellant.

David M. Wright, Wright & Lerch, Mark E. GiaQuinta, Robert W. Eherenman, Haller & Colvin, P.C., Fort Wayne, IN, Attorneys for Appellees.

## OPINION

BAKER, Judge.

Appellant-petitioner Bressler Outdoor Advertising, LLC (Bressler) appeals the denial of its motion for summary judgment against appellees-respondents City of Fort Wayne Board of Zoning Appeals (BZA); Tom Kelley Cadillac, Inc.; Tom Kelley Buick, Inc.; Tom Kelley Pontiac GMC, Inc.; Saturn of Fort Wayne, Inc.; Mutton Power Equipment, Inc.; Richard Staadt; and Elizabeth Staadt (collectively, the Auto Mall). Bressler argues that the trial court erred in denying its motion for summary judgment because the Auto Mall failed to timely initiate its administrative challenge to the issuance of an improvement location permit (ILP), thereby depriving the BZA of jurisdiction. Concluding that the trial court committed no error in refusing to grant Bressler's motion for summary judgment, we affirm.

## FACTS

The facts reveal that on January 13, 2000, Bressler applied for an ILP from the city for the purpose of constructing an outdoor advertising sign. On February 11, 2000, the Zoning Enforcement Officer (ZEO) issued Bressler's ILP and Bressler began construction on April 10, 2000. On April 17, 2000, the Auto Mall asked the ZEO to "render a prompt decision" about whether Bressler's sign violated the city's sign ordinance because off-premises advertising was included on the sign. Appellant's App. p. 63. On April 25, 2000, the ZEO replied to the Auto Mall, stating that "the proposed sign is in compliance with the City Zoning and Sign Ordinance." Appellant's App. p. 66.

On April 27, 2000, the Auto Mall filed an appeal with the BZA, challenging the ZEO's determination that the sign complied with the zoning ordinance. On May 25, 2000, the BZA held a public hearing regarding the Auto Mall's appeal. After hearing testimony, the BZA voted unanimously to reverse the ZEO's decision regarding Bressler's sign. On June 26, 2000, Bressler filed a verified petition for writ of certiorari with the trial court, challenging the BZA's reversal of the ZEO's decision. On the same day, the trial court issued an order to show cause against the BZA. On January 4, 2001, the trial court issued the writ of certiorari. The BZA filed its return of the writ on February 28, 2001.

On May 4, 2001, Bressler filed for summary judgment, alleging it was entitled to judgment as a matter of law because the Auto Mall's failure to timely challenge the issuance of the ILP deprived the BZA of jurisdiction over the Auto Mall's appeal. The BZA and the Auto Mall filed their response and cross-motion for summary judgment on June 6, 2001. The respondents asserted that the Auto Mall had appealed not the issuance of the ILP but the determination that Bressler's sign complied with the zoning ordinance. On October 19, 2001, the trial court denied Bressler's motion. Bressler moved the trial court to certify the denial of summary judgment for interlocutory appeal, and the trial court did so on December 11, 2001. Bressler now appeals.

## DISCUSSION AND DECISION

Bressler argues that the trial court erred in denying its motion for summary judgment because the Auto Mall failed to timely initiate its administrative challenge to the issuance of the ILP. Specifically, Bressler argues that the Auto Mall's failure to pursue its administrative challenge

within thirty days of the issuance of the ILP deprived the BZA of jurisdiction to make a decision in this case.

### I. Zoning Ordinance

■ Before addressing Bressler's claim regarding the trial court's propriety in denying its motion for summary judgment, we first note that in construing a city ordinance, this court uses the same methods of interpretation it applies to statutes. *City of Evansville v. Zirkelbach*, 662 N.E.2d 651, 653 (Ind.Ct.App.1996). We look first to the plain language of a statute and, if unambiguous, give effect to its plain meaning. *Indianapolis Historic Partners v. State Bd. of Tax Comm'rs*, 694 N.E.2d 1224, 1227 (Ind.Tax Ct.1998). Additionally, a court will attempt to construe a statute in such a way that prevents surplusage. *Mynsberge v. Dep't of State Revenue*, 716 N.E.2d 629, 635 (Ind.Tax Ct.1999).

■ Indiana Code section 36–7–4–918.1(1) states that "A board of zoning appeals shall hear and determine appeals from and review any order, requirement, decision, or determination made by an administrative official, hearing officer, or staff member under the zoning ordinance." Additionally, Indiana Code section 36–7–4–919(a), the statute governing appeals of zoning decisions, reads as follows:

> An appeal filed with the board of zoning appeals must specify the grounds of the appeal and must be filed within such time and in such form as may be prescribed by the board of zoning appeals by rule.

Although our statutes grant local zoning boards the power to hear all appeals of administrative zoning decisions, zoning boards are also afforded the power to narrow the circumstances in which an appeal of a zoning decision may be heard. *City of New Haven v. Chem. Waste Mgmt. of Ind.,*

*LLC,* 701 N.E.2d 912, 920 (Ind.Ct.App. 1998). Furthermore, Rule 4(B) of the BZA's own rules require that "any appeal of a decision of the Zoning Enforcement Officer *to issue or deny a permit* shall be filed within thirty (30) days of the issuance or denial of the permit." Appellant's App. p. 179 (emphasis added). Accordingly, the BZA, as permitted by Indiana Code section 36–7–4–919(a), has limited the scope of its review of the *issuance of permits.* Such limits are not in place, however, for review of other determinations, such as the ZEO's determination that Bressler's sign complied with the zoning ordinance.

By seeking a determination that Bressler's sign was in compliance with the relevant sign ordinance, the Auto Mall was following an administrative procedure approved by the Fort Wayne Common Council. Section 157.223(H) of the city's zoning ordinance permits the ZEO to revoke an ILP if: (1) the construction work was not timely commenced and continued, (2) the construction was not in conformance with the plans submitted as part of the application for the ILP, or (3) the construction did not comply with the zoning ordinance. Appellant's App. p. 175. Nothing in the zoning ordinance prohibits a party such as the Auto Mall from seeking a determination that a project complies with zoning rules. In essence, the Auto Mall was notifying the ZEO of a potential problem. After investigation, the ZEO issued his determination.

After a party receives a determination from the ZEO, he may appeal the ZEO's determination to the BZA because, unlike the thirty-day limit for the appeal of the issuance of permits established by Rule 4(B), the BZA has not limited its jurisdiction to hear appeals of other determinations. Thus, in this case, the Auto Mall appealed the ZEO's determination that

Bressler's sign complied with the zoning ordinance.

Bressler, however, claims that a request for a "determination" is merely an administrative challenge to the issuance of an ILP and that any administrative challenge to a project with an ILP is foreclosed thirty days after the ILP is issued. Appellant's Br. p. 7. Such a holding could only do violence to the unambiguous language of the zoning ordinance. Section 157.223(H) gives the ZEO the authority to revoke the ILP after determining that a construction project does not comply with the zoning ordinance. Foreclosing administrative proceedings would render section 157.223(H) meaningless. We will not presume that the Common Council enacted section 157.223(H) with the intention of creating mere surplusage. *See Mynsberge,* 716 N.E.2d at 635.

Furthermore, Bressler's claim is contrary to the principle that administrative bodies are in the best position to efficiently correct any errors that may have transpired. *Smith v. State Lottery Comm'n of Ind.,* 701 N.E.2d 926, 931 (Ind.Ct.App. 1998). The BZA, which is given explicit authority to review the ZEO's determinations by Indiana Code section 36–7–4–918.1(1), correctly exercised jurisdiction over the Auto Mall's appeal.

### II. Summary Judgment

Moving to the issue as to whether the trial court properly denied Bressler's motion for summary judgment, we note that in reviewing an order denying summary judgment, this court applies the same standard of review as the trial court. *City of Vincennes v. Reuhl,* 672 N.E.2d 495, 497 (Ind.Ct.App.1996). Summary judgment is proper where no genuine issue of material fact remains and the movant is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). All designated evidence is construed in the light most favorable to the non-moving party. *Malone v. Basey,* 770 N.E.2d 846, 850 (Ind.Ct.App.2002).

Here, Bressler claimed that it was entitled to judgment as a matter of law because the Auto Mall's failure to institute its administrative challenge within thirty days of the issuance of Bressler's ILP deprived the BZA of jurisdiction to hear the Auto Mall's appeal. However, the Auto Mall appealed from the ZEO's determination that Bressler's sign complied with the zoning ordinance, not from the issuance of the ILP. The BZA, per Indiana Code section 36–7–4–918.1(1), had the authority to hear "any order, requirement, decision, or determination made by an administrative official." Additionally, no rule like Rule 4(B) barred the BZA from hearing the Auto Mall's appeal. In sum, the BZA had the jurisdiction required to hear the Auto Mall's appeal. Thus, Bressler was not entitled to judgment as a matter of law.

Concluding that the trial court was correct in not entering summary judgment in favor of Bressler, we affirm and remand for further proceedings consistent with this opinion.

VAIDIK and BARNES, JJ., concur.