Mike **FRAMPTON** and Luanne Frampton, Appellants–Defendants,

v.

Ruby Renea **HUTCHERSON**, Appellee–Plaintiff.

No. 79A02–0204–CV–309.

Court of Appeals of Indiana.

March 11, 2003.

Bryce H. Bennett, Jr., Michael Patrick Dugan, J. Richard Moore, Indianapolis, IN, Attorneys for Appellants.

David W. Stone IV, Stone Law Office & Legal Research, Anderson, IN, Vaughn A. Wamsley, Carmel, IN, Attorneys for Appellee.

## OPINION

BAKER, Judge.

Appellants-defendants Mike and Luanne Frampton appeal the trial court's denial of their motion for summary judgment. Specifically, the Framptons argue that the trial court erred in denying their summary judgment motion because appellee-plaintiff Ruby Renea Hutcherson amended her complaint in order to create an issue of fact regarding her cause of action against the Framptons for negligence. Concluding that Hutcherson is estopped from changing her testimony in order to produce an issue of fact, we reverse and remand.

### FACTS

The facts most favorable to Hutcherson reveal that on June 22, 1998, Hutcherson and her daughter were walking on a sidewalk along Lingle Court in Lafayette. As Hutcherson passed 407 Lingle Court, the sidewalk changed from cement to brick. The sidewalk was overgrown with grass and in a state of disrepair. Due to the condition of the sidewalk, Hutcherson told her daughter, "Let's walk out into the street." Appellants' App. p. 36. As Hutcherson took her next step, she fell and injured her ankle.

On June 1, 2000, Hutcherson filed a complaint against the Framptons, owners of the property at 407 Lingle Court. In her complaint, Hutcherson averred "that as [she] walked across the brick sidewalk, she fell and broke her ankle." Appellants' App. p. 21. On October 11, 2000, Hutcherson served responses to the Framptons' interrogatories, including the following:

As Plaintiff walked on a brick sidewalk which was in a deteriorated condition in front of 407 Lingal [sic] Court, she twisted her right ankle and fell. The brick sidewalk was not level, overgrown with grass and in a general state of disrepair.

Appellants' App. p. 152. Hutcherson signed the interrogatory answers under penalty of perjury. Appellants' App. p. 169.

On February 27, 2001, Hutcherson was deposed. Defense counsel pointed to a photograph of Hutcherson—on crutches—standing on the Framptons' sidewalk and

asked Hutcherson, "Are you standing in that particular spot because that's where this happened?" Appellants' App. p. 36. Hutcherson responded, "That's the approximate region, to the best of my knowledge." Appellants' App. p. 36. At one point, defense counsel asked Hutcherson, "So you pretty much stayed on that grassy brick sidewalk?" Appellants' App. p. 36. Hutcherson replied, "Yes, ma'am." Appellants' App. p. 36.

On November 9, 2001, the Framptons filed a motion for summary judgment. The Framptons designated Hutcherson's complaint and deposition testimony to show that Hutcherson fell while on the sidewalk. Additionally, the Framptons designated the affidavit of Opal Kuhl, an engineer for the City of Lafayette. Kuhl's affidavit declared that the sidewalk where Hutcherson fell is a public sidewalk within the City of Lafayette's sidewalk system. Appellant's App. p. 57. The Framptons asserted that they owed no duty of care to Hutcherson because maintenance of the sidewalk was the responsibility of the City of Lafayette.

On January 16, 2002, Hutcherson filed a motion to amend her complaint. Her amended complaint sought to change the description of the place where she fell from "brick sidewalk" to "property." Appellants' App. p. 69. On January 18, 2002, Hutcherson responded to the Framptons' motion for summary judgment, arguing that "the area where the injury occurred more closely resembles a yard than a sidewalk." Appellants' App. p. 88. Hutcherson also contended that the even if she did fall on the sidewalk, the City of Lafayette's ordinances place responsibility to make sidewalk repairs on the property owner.

Hutcherson designated her deposition and various City of Lafayette ordinances in opposing the Framptons' motion for summary judgment.

Following a hearing, the trial court denied the Framptons' motion for summary judgment on January 28, 2002. Thereafter, the trial court certified the matter for interlocutory appeal, and we accepted jurisdiction over this case June 10, 2002. The Framptons now appeal.

## DISCUSSION AND DECISION

### I.  Standard of Review

We first note that when this court reviews a trial court's ruling on summary judgment, it applies the same standards in deciding whether to affirm or reverse the trial court. *Creel v. I.C.E. & Assocs., Inc.,* 771 N.E.2d 1276, 1279 (Ind.Ct.App.2002). We will not weigh evidence but construe the facts in the light most favorable to the nonmoving party. *Id.* Summary judgment should be granted only if the designated evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). A party appealing the denial of summary judgment must convince this court that the trial court's decision was erroneous. *Little Beverage Co. v. DePrez,* 777 N.E.2d 74, 78 (Ind.Ct.App.2002). The appellant must also show that there is no genuine issue of material fact. *Id.*

### II.  Issue of Fact

The parties agreed that the Framptons owed Hutcherson no common law duty to repair the sidewalk in front of the Frampton property.[1]  Thus, the location of

---

1. In *Lawson v. Lafayette Home Hospital, Inc.,* we held: "In Indiana, persons are held to have assumed a duty to pedestrians on public sidewalks only when they create artificial conditions that increase risk and proximately cause injury to persons using those sidewalks." 760 N.E.2d 1126, 1130 (Ind.Ct.App. 2002). Hutcherson has not alleged that the

Hutcherson's fall was critical in resolving the Framptons' motion for summary judgment. The Framptons claim that the trial court erred in refusing to enter summary judgment because Hutcherson's pleadings, interrogatory answers, and deposition state that she fell on the sidewalk. Hutcherson is now estopped, the Framptons argue, from arguing a contrary position.

This court has held that "a party cannot create an issue of material fact for summary judgment purposes by contradicting a prior sworn statement." *Chance v. State Auto Ins. Co.*, 684 N.E.2d 569, 571 (Ind.Ct. App.1997). In *Chance*, the plaintiff executed a third-party custodial statement and agreement so that her son Shane could reside with his older brother in Marion, Indiana, and attend schools there without paying tuition. The agreement stated that "the custodian is supporting and caring for the student." *Id.* at 570 n. 1. A vehicle in which Shane was a passenger hit a tree, and Shane was killed. The driver lacked insurance. Chance filed a claim under the uninsured motorist provision of her automobile policy, but State Auto denied the claim, arguing that Shane was not a resident of her household. Chance filed a complaint against State Auto, and State Auto filed for summary judgment. In opposing State Auto's motion for summary judgment, Chance filed an affidavit that stated that she still provided financial support for Shane during his stay with his brother. The trial court granted State Auto's motion for summary judgment, and Chance appealed. We held as follows:

> Chance is estopped from stating that she only intended to give Steven custody for school purposes and that she still provided for his support. The Custodial Agreement she signed to allow Shane to attend Marion Schools stated that the

arrangement was not solely for the purpose of allowing Shane to attend school in Marion. In addition, in the statement she said that Steven was supporting Shane. A party cannot create an issue of material fact for summary judgment purposes by contradicting a prior sworn statement.

*Id.* at 571.

■ Here, Hutcherson stated in her complaint, deposition, and interrogatory answers that she fell on the sidewalk. Appellants' App. p. 21, 36, 152. If Chance's single document provided sufficient force to estop her from raising contradictory evidence, Hutcherson's documents and deposition surely supply ample weight to estop her from creating an issue of fact in order to defeat summary judgment. On more than one occasion, Hutcherson stated that she fell on the sidewalk. Therefore, she is estopped from claiming otherwise.

### III. Municipal Ordinance

Hutcherson argues that even if she is bound by earlier statements that she fell on the sidewalk, summary judgment was appropriately denied because the City of Lafayette's municipal code imposes a statutory duty on property owners to repair damaged sidewalks. Hutcherson argues that the Framptons' failure to repair the sidewalk breached this duty and led to her injury. The Framptons point to the language of the code, noting that before a statutory duty to repair a sidewalk exists, notice must be given to the property owner.

■ In resolving this issue, we first note that in construing a city ordinance, this court uses the same methods of interpretation it applies to statutes. *City of Evansville v. Zirkelbach*, 662 N.E.2d 651,

Framptons created any sort of artificial conditions on the sidewalk.

653 (Ind.Ct.App.1996). First, we look to the language of a statute and, if unambiguous, give effect to its plain meaning. *Madrid v. Bloomington Auto Co.*, 782 N.E.2d 386, 391 (Ind.Ct.App.2003). Furthermore, a court will endeavor to interpret a statute in such a way that prevents surplusage. *Bressler Outdoor Advertising, LLC v. City of Fort Wayne*, 777 N.E.2d 754, 756 (Ind. Ct.App.2002).

We have held that "an ordinance requiring an abutting landowner to repair and maintain a public sidewalk does not create a duty to pedestrians using the sidewalk, absent an express provision to the contrary." *Carroll v. Jobe*, 638 N.E.2d 467, 471 (Ind.Ct.App.1994). The reasoning behind this holding is that the municipality that owns the public sidewalks has a duty to pedestrians "to maintain the reasonably safe condition of" municipal sidewalks. *Town of Highland v. Zerkel*, 659 N.E.2d 1113, 1120 (Ind.Ct.App.1995). When a sidewalk, however, is not a public sidewalk but is instead privately owned, the owner owes pedestrians a duty to keep the sidewalk in a reasonably safe condition. *Poe v. Tate*, 161 Ind.App. 212, 215–16, 315 N.E.2d 392, 394 (1974).

The ordinance at issue here, section 8.02.020 of the City of Lafayette Code, reads as follows:

> Whenever the Board of Public Works and Safety shall order any sidewalk or part thereof which has been paved, bouldered, graveled, or otherwise improved to be repaired, the Street Commissioner shall forthwith give notice in writing to the owner of the property adjoining the place where the repairs are required to be made, or such owner's agent or lessee, to repair the same in accordance with the general plan of improvement of the sidewalk.

Appellants' App. p. 134. Unquestionably, the ordinance requires that a property owner repair a sidewalk only when given notice by the Street Commissioner. Here, Hutcherson never alleged that the Street Commissioner gave the Framptons a notice obligating repairs. However, even had the Street Commissioner given such notice, no duty to Hutcherson would lie to keep the sidewalk in a reasonably safe condition. As Kuhl's uncontroverted affidavit stated, the sidewalk where Hutcherson fell was a public sidewalk, owned by the City of Lafayette. Under *Jobe*, the Framptons owed Hutcherson no duty. 638 N.E.2d at 471.

## CONCLUSION

In light of the disposition of the issues set forth above, we conclude that the trial court erred in denying the Framptons' motion for summary judgment. No genuine issue of material fact existed as to the location of Hutcherson's fall, that location being the sidewalk. Additionally, the Framptons owed Hutcherson no duty to keep the sidewalk in a reasonably safe condition.

Reversed and remanded to the trial court with instructions that it enter summary judgment for the Framptons.

RILEY and MATHIAS, JJ., concur.